### SEBASTIAN UZZIO'S (dependent's) CASE.

Worcester.  October 1, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act. Evidence,* Circumstantial.

In a claim under the workmen's compensation act the Industrial Accident Board may be warranted in finding that an employee's death resulted from an injury arising out of and in the course of his employment on evidence that is wholly circumstantial.

In a claim under the workmen's compensation act by the dependent widow of a deceased workman employed in a mill, it appeared that the employee was thirty-seven years of age and in good health, that the day before his death he was engaged in shovelling coal from one of two cars which stood on the high end of a trestle thirty-six and a half feet above the ground, that on the day of his death he left home for his work soon after six o'clock in the morning, having on his working clothes and leather mittens and having told his wife that he had to shovel coal that day, that, after a short stay in the boiler room of the mill, he started in the direction of the coal cars in time to reach them before ten minutes to seven, the time for beginning work at the mill, that the coal cars were reached by walking on two six inch planks which ran along the outer edge of the trestle and were not guarded by any fence or rail, that on that morning, which was a very cold one, they were covered with frost, that about six minutes before seven o'clock a fellow workman arrived at the coal cars and saw footprints in the frost on the planks as far as the ladder that was used to get into one of the coal cars, that in the coal car next to the ladder was found one of the mittens of the employee, and that about seven o'clock the employee was found on the ground unconscious directly underneath the ladder with a mitten on his right hand and nothing on his left hand, that his skull was fractured, that he died without recovering consciousness, and that no autopsy was performed because the attending physician and the medical examiner regarded it as apparent that his death was caused by the fall and not by apoplexy or anything else. *Held,* that a finding of the Industrial Accident Board was warranted that the death of the employee resulted from an injury arising out of and in the course of his employment.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the

Industrial Accident Board, awarding compensation to Dominica Uzzio, the dependent widow of Sebastian Uzzio, who at the time of his death was in the employ of the American Woolen Company in the part of Fitchburg called West Fitchburg.

The case was heard by *Sanderson*, J. The evidence is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board awarding to Dominica Uzzio as the dependent widow of Sebastian Uzzio a weekly payment of $6.17 for a period of five hundred weeks from December 23, 1915, which was the date of the injury and death of the employee. The insurer appealed.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the insurer.

*P. F. Ward,* for the dependent widow.

DE COURCY, J. The finding of the Industrial Accident Board was that the death of the employee on December 23, 1915, resulted from an injury arising out of and in the course of his employment. As in the analogous case of the verdict of a jury or the finding by a judge in an action at law, that finding is conclusive if it has a substantial support in the evidence; and the conclusion may be reached not only by direct evidence of facts but by reasonable inferences from them. *Diaz's Case,* 217 Mass. 36. *Von Ette's Case,* 223 Mass. 56.

There was uncontradicted testimony of the following facts: Uzzio, a man thirty-seven years of age, was a laborer in the employ of the insured, the American Woolen Company. On the day before the accident he was engaged in shovelling coal from one of two cars which stood on the high end of a trestle, thirty-six feet and six inches above the ground. The cars were located two hundred feet from the beginning of the trestle. They were reached by walking on two six inch planks, which ran along the outer edge of the trestle and were not guarded by any fence or rail. On the morning of the accident the employee left home for his work soon after six o'clock, having told his wife that he had to shovel coal that day. He had on his working clothes, and wore leather mittens. He made no complaint that he was not in his usual good health. After a short stay in the boiler room of the mill, he started in the direction of the coal cars in time to reach them shortly before ten minutes to seven, the time when work was started at the mills.

At about six minutes before seven one Anderson, who worked with Uzzio, arrived at the coal cars. It was a very cold morning. He found the planks covered with frost, and saw footprints thereon as far as the ladder which was used to get into the coal car. He knew that railroad employees never came to the trestle to do any shifting before nine or ten o'clock. A left hand mitten, which on the evidence belonged to Uzzio, was found in the corner of the car next to the ladder. About seven o'clock Uzzio was discovered unconscious on the ground directly underneath the ladder and where he naturally would be if he had fallen from the trestle more than thirty-six feet above. There was a mitten on his right hand and nothing on his left. His skull was fractured and the injuries found on him were such as could have been caused by a fall from the trestle. No autopsy was performed for the reason that the attending physician and the medical examiner did not deem it necessary, but regarded it as apparent that the death of the employee was caused by the fall and not by apoplexy or anything else.

Without reciting the evidence in further detail it seems apparent that the board reasonably could infer from the facts proved by direct or circumstantial evidence that the employee fell from the frost covered and unguarded trestle to the ground thirty-six feet below, and thereby sustained fatal injuries. We cannot say that such a conclusion is based upon mere surmise or speculation; it is supported by logical reasoning from established facts. *Davis* v. *Boston Elevated Railway*, 222 Mass. 475, 479, and cases cited. It was not necessary for the dependent to exclude the possibility that her husband's death might have been due to an apoplectic shock, as suggested by the insurer, but only to satisfy the board by a fair preponderance of the evidence that it was due to a fall from the trestle. Such an external accident is indicated by all the facts, and supported by the age and the physical condition of the employee when last seen a few minutes before he was found under the trestle. *Woodall* v. *Boston Elevated Railway*, 192 Mass. 308, 312.

The board were well warranted in finding that the employee met with his injury in the course of his employment. It occurred at the time and place of his occupation, and while he was engaged in the duties incidental to it. The evidence also warranted their conclusion that the injury arose out of his employment. If his fall was due to the slippery, unguarded and dangerous condition of the

trestle and ladder, then his injury was caused by a risk incident to the work he was employed to do. *McNicol's Case,* 215 Mass. 497. *Sundine's Case,* 218 Mass. 1. *Von Ette's Case, ubi supra.* The facts in the case at bar distinguish it from *Sanderson's Case,* 224 Mass. 558. What has been said disposes of all matters in controversy.

*Decree affirmed.*