ALFRED J. PILLING *vs.* FRED L. HALL.

Suffolk.    January 16, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Assumption of risk, Of owner of real estate, Independent contractor.

An electrical contractor who, under an agreement with the owner of a certain building according to which he performed all electrical work in the building required by the owner, upon the request of the owner to look after call bells in one of the buildings, went to the building, entered a dark basement where he used a flash light to find his way and, in searching for the batteries, passed through a door into a boiler room, threw "the light in around the corner to see where the shelf would be to hold the batteries," took two or three steps, and fell into a boiler pit, cannot recover in an action against the owner for injuries so received if there is no evidence warranting a finding that the boiler pit was hidden or in the nature of a trap, he being an independent contractor who assumed all the risks which were incident to the defendant's premises which were in existence at the time and which were obvious or could have been discovered by a reasonable inspection, and the owner not being bound to warn him of such dangers.

TORT for personal injuries received when the plaintiff fell into a boiler pit on premises of the defendant while there to repair electric bells.    Writ dated November 22, 1921.

In the Superior Court, the action was tried before *Lawton,* J.    Material evidence is described in the opinion.    At the close of the evidence, a verdict was ordered for the defendant and the action was reported to this court for determination.

*J. W. Lowrance,* (*J. L. Hurley* with him,) for the plaintiff.
*L. C. Doyle,* for the defendant.

CARROLL, J. Under an arrangement between the parties, the plaintiff, an electrical contractor, performed all the electrical work required by the defendant in the buildings owned by him. When work of this kind was to be done, a call was sent to the plaintiff's place of business. September 19, 1921, a request to look after the electric call bells in the defendant's apartment house was received, and the following afternoon, between three and four o'clock, the plaintiff, in response to the call, entered the house through the basement door and proceeded to find the batteries. The janitor was not present, and the only light in the basement was that coming through the leaded panes of the outside door. The plaintiff saw a door which he opened, and, passing into a room known as the boiler room, fell into an unguarded boiler pit, three feet nine inches in depth. He testified that as he went into the boiler room he had a flash light and threw "the light in around the corner to see where the shelf would be to hold the batteries"; that he took two or three steps and fell into the pit. On cross-examination he testified that after his accident the janitor pointed out the batteries to him and he had no difficulty in seeing them. The defendant, called by the plaintiff, testified that the batteries were on a "sort of a shell," on a shelf in the hallway, in a container about a foot or eighteen inches from the ceiling. A verdict was returned for the defendant, by the direction of the trial judge, and the case reported.

In *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587, the plaintiff had been at work on a boat belonging to the defendant. On the day in question, while gathering his tools, he approached a door of the hose house and fell through a hatchway. It was held that he had every opportunity to examine the premises and must be considered to have assumed the risks of his employment, as they were apparent, or he could have observed them, if he had exercised his right to examine the premises before entering upon his employment. The case at bar is governed by the Murray case. The plaintiff came upon the defendant's premises as an independent contractor, and the defendant was not bound to warn him of dangers which were obvious or could have been

discovered by reasonable inspection. *Pettingill* v. *Porter*, 219 Mass. 347. The defendant's duty was no greater than that which he owed his own employees: he was not obliged to change the construction of his premises. The plaintiff agreed to work on the premises as they existed at the time, and he assumed all the risks incidental thereto which were obvious or could have been discovered by a reasonable inspection. *Murphy* v. *Greeley*, 146 Mass. 196. *Sullivan* v. *New Bedford Gas & Edison Light Co.* 190 Mass. 288. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412. *Smith* v. *Lincoln*, 198 Mass. 388. *Gainey* v. *Peabody*, 213 Mass. 229. *Murray* v. *Nantasket Steamboat Co., supra.* The facts appearing in *Smith* v. *New England Cotton Yarn Co.* 225 Mass. 287, make it inapplicable to the case at bar.

The plaintiff could have discovered all the conditions surrounding the place where he was to do his work. He could have seen the boiler pit by a proper inspection: it was not hidden, nor in the nature of a trap. Without considering the question of the plaintiff's lack of care, he cannot recover. Judgment is to be entered on the verdict.

*So ordered.*