WALTER FORANCE *vs.* BIGELOW HARTFORD CARPET COMPANY.

Worcester. September 27, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, & WAIT, JJ.

*Negligence,* Toward employee of independent contractor, Assumption of risk.

A painter in the employ of a contractor engaged in the reconstruction of a dye house for its proprietor, during the process of which the dye house is kept in operation by electric motors operated by a temporary system of "power lines" carrying a high voltage, cannot recover from the proprietor for personal injuries resulting from his receiving an electric shock when he grasped one of the power lines to save himself from falling and came in contact with about one quarter of an inch of the wire which was not insulated, the risk of such an accident being one which the painter assumed when he entered the premises as an employee of an independent contractor.

TORT for personal injuries. Writ dated September 22, 1923.

In the Superior Court, the action was tried before *Hall,* C.J. At the close of the evidence, on motion by the defendant, the Chief Justice ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. M. Hoy,* (*J. E. Casey* with him,) for the plaintiff.

*C. C. Milton,* (*G. A. White* with him,) for the defendant.

BRALEY, J.  The defendant corporation, engaged in the manufacture of carpets, used a dye house which by long use had become so outworn that the directors decided to build a new one.  During its construction, the company continued to use the machinery and appliances which were run by electric motors located in the dye house.  By reason of these conditions and to avoid any interruption of business, the process of dyeing, as well as the work of demolition and of reconstruction, were concurrent.  It accordingly became necessary to install a temporary system of electric wiring, which upon completion of the dye house was to be replaced by a permanent system.  The wires, three in number, are referred to in the record as "power lines" carrying a high voltage sufficient to operate the motors.  They were strung near the ceiling and attached to columns or posts of wood having metal caps, which could be found to be eighteen feet in height.  The jury could find that the plaintiff, a painter by trade and the employee of an independent contractor, who had been engaged to do the painting, was at work standing on a ladder painting the top of the post where the lines ended, when, becoming unsteady in his footing, and to save himself from falling, he threw his "right hand up to get support from the ceiling," and grasped the wires from which he could not remove his hand.  He called for assistance, became unconscious, and was removed by fellow employees who shut off the current.  The inference also was warrantable that in some way he received an electric shock, which on the medical testimony as well as on his own description, caused serious physical harm.  It appeared in the evidence of the defendant's "head electrician" that the lines, which were placed in position by the defendant, consisted of old wires taken from the store room of the electrical department, and probably were "pieces of wire left over from some other work," and that, upon examination just after the accident, he found that the wire was insulated, except that where it had been wound around and cut off, the wire was stripped of insulation probably about one quarter of an inch at the end.  It was his opinion that the wire should have been covered, and that if covered "it

probably would have been safer." It also appeared in evidence from an employee and electrician of the defendant, that acting under the supervision of the head electrician, he had put up the wire at this post, and cut the wire off with pliers. "It looked safe to him as an expert," even if uninsulated, and that to receive a shock a person "would have to take hold of the wire itself on what would be apparently an insulated portion of the wire."

But even if all these circumstances could be found by the jury, the plaintiff, who was the employee of an independent contractor, entered upon the premises as he found them and there was no duty imposed upon the defendant to warn him that if in the course of his work he grasped the wires in order to keep from falling off the ladder he might receive a shock of electricity. *Pilling* v. *Hall*, 251 Mass. 425. The entry must be

*Exceptions overruled.*