GEORGE J. FAVEREAU *vs.* FRIDOLIN GABELE & another.

Suffolk.    December 1, 1927. — January 5, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of person owning or controlling real estate, Toward employee of independent contractor.

An experienced painter and carpenter, employed by an independent contractor repairing a building, cannot recover in an action of tort against the owner of the building for injuries resulting from a condition of the premises which was not hidden nor concealed.

The fact that a spreader bar, the giving away of which, when the plaintiff in the action above described leaned against it as he was standing on a stepladder adjusting angle irons, caused him to fall and be injured, was not properly nailed to a post and had been painted over, did not warrant a finding that such a defect was hidden or concealed: a very slight inspection would have shown its condition.

TORT for personal injuries.   Writ dated October 9, 1924. In the Superior Court, the action was tried before *Whiting,* J.   Material evidence is stated in the opinion.   The judge denied a motion by the defendants that a verdict be ordered in their favor.   There was a verdict for the plaintiff in the sum of $12,500.   The defendants alleged exceptions.

*J. P. Carr,* (*J. N. Worcester* with him,) for the defendants.

*T. Allen,* for the plaintiff.

CARROLL, J.   The plaintiff, an employee of an independent contractor, was injured on the afternoon of a clear day while working on the rear piazza of a three-story tenement house owned by the defendants.   The contractor, who was "a general jobber," as a part of the repairs on the building agreed to put in angle irons at the junction of the floor timbers and the upper posts of the piazza.   The plaintiff was adjusting these irons when he was injured by the giving way of a spreader bar, each end of which butted against an upright

post called a king post. This spreader bar was about seven feet above the level of the piazza floor and about three feet below the beam of the floor above to which beam the angle irons were to be attached. None of the angle irons were to be attached to this spreader. The plaintiff contended that the spreader bar was not nailed to the post; it was the defendants' contention that it was toe-nailed to the post.

The plaintiff was a painter and carpenter and, according to the testimony of the contractor by whom he was employed, "knew his business." He was standing on a stepladder near the spreader bar and in the course of his work touched or pressed against the bar in such a way that it gave way and he fell to the ground. He testified that he made no examination of the spreader bar, he saw it but could not say he "paid attention to" it; he observed that it was tight to the post and had been painted. It appeared that after the contractor made his examination of the premises and before his work was started, the house had been painted and a "heavy coat of paint . . . covered the woodwork of the piazza."

A servant of an independent contractor who undertakes to make repairs on the premises of the owner agrees to take them as he finds them. The owner is under no obligation to alter their condition or to make them safe, nor is he required to warn the servant of dangers which are obvious or could be discovered by reasonable inspection. The plaintiff agreed to work on the house as it then was, and he assumed all the risks incidental thereto which were open to view or could have been seen if properly examined. *Gainey* v. *Peabody*, 213 Mass. 229. *Cross* v. *Boston & Maine Railroad*, 223 Mass. 144. *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587. *Pilling* v. *Hall*, 251 Mass. 425. The plaintiff was a man of experience in his trade; a very slight inspection would have shown him how the spreader bar was secured; that it was not nailed. It could not be said that the defect was hidden or concealed because the spreader bar had been freshly painted. The defendant was required to warn the plaintiff of concealed defects which he might encounter in his work, and which the plaintiff could

not know nor see by making a reasonable inspection. But the condition of the spreader bar was not concealed; the plaintiff, if he examined it, would have known of its condition and the defendant was not bound to caution him and tell him it was not nailed to the posts. *Boisvert* v. *Ward*, 199 Mass. 594, 596. See *Marks* v. *Citron*, 243 Mass. 454, 457; *Pilling* v. *Hall, supra,* and cases cited.

The defendants' motion for a directed verdict should have been granted. As the plaintiff cannot recover we have not considered the remaining questions raised at the trial.

*Exceptions sustained.*

*Judgment for the defendants.*