JOHN J. WALSH *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     February 10, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Employer's liability.

Failure by an employer to give to an employee instructions or warnings which, by reason of the employee's experience in the work in which he is engaged, are not needed for his protection, is not negligence.

An employer was not bound to furnish to an employee feeding fuel to and tending a steam boiler the best possible or safest bar with which to remove clinkers, but only to use care to provide one which was reasonably safe and proper for that use; and the furnishing to one experienced in that employment of a round pointed bar for that purpose instead of a chisel bar and a chisel hammer was *held* not to be negligent in the circumstances.

TORT. Writ in the Municipal Court of the City of Boston dated November 16, 1931.

Upon removal to the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. F. Daly,* for the plaintiff.

*F. P. Garland,* (*J. DeCourcy* with him,) for the defendant.

DONAHUE, J. The plaintiff was injured while in the employ of the defendant, who was not insured under the workmen's compensation act. The declaration alleges in the first count negligence of the defendant in not warning him of dangers in the place where he was at work and in failing to provide him with a suitable place to work, and in the second count negligence of the defendant in failing to provide proper tools and appliances and to instruct him as to the use of the tools and appliances furnished. The trial judge directed a verdict for the defendant with the stipulation that if the direction of a verdict was proper, judgment should be entered for the defendant, otherwise

that judgment should be entered for the plaintiff in a stated amount.

The plaintiff's duties required him to feed with fuel and to tend a steam boiler in the defendant's shops and included the removal of clinkers which might form in the boiler. At the time of his injury he was attempting with an iron bar with a round pointed end to break up or remove a large clinker three inches thick which had formed upon the grate; "he got this long pointed bar tangled in the clinker; . . . he started to release the bar and had his whole heft on the end, the back end of it, and it went right through the clinker and down he went, and knocked his hand against the iron front of the door" of the boiler causing him injury. The plaintiff was injured on the third day of his employment with the defendant. On the first day the fuel provided was soft black coal. A different fuel, which he termed "cinders," was supplied on the second and on the third days. He described it as a mixture of cinders and coal. There was other evidence that it was reclaimed coal from the residue in the ash pits in the different engine houses of the defendant where its locomotives were kept. The plaintiff testified that this fuel burned well when first put in the boiler but later iron ran out of it which formed clinkers on the grate, blocked the passage of air to the fire and caused the steam to drop, and that many more clinkers formed from this fuel than from the soft coal burned on first day. There was evidence that at and about the time of the plaintiff's injury the defendant was experimenting with different kinds of fuel.

Since the defendant was not insured under the workmen's compensation act the only question raised by the direction of a verdict is whether there was evidence of negligence of the defendant, as alleged in the declaration, which contributed to cause the plaintiff's injury. *McGonigle* v. *O'Neill*, 240 Mass. 262. *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503. The formation of clinkers on the grate was within the contemplation of the parties when the contract of employment was made: their removal was included in the tasks which the plaintiff was to perform.

He had more than twenty years' prior experience "running boilers and removing clinkers from grates." He was an experienced man in doing this kind of work. The plaintiff testified that he had never before burned cinders but out of his experience he knew the different effects as to the production of clinkers, from the burning of cinders and from the burning of coal. He testified that more and harder clinkers are produced according to the draft and the amount of steam required, that he knew that cinders would form clinkers just as different kinds of coal would, that when cinders are burned more and harder clinkers result than would form from coal, that some cinders produce more and harder clinkers than others and that on the second day when cinders were provided as fuel he knew that there would be more clinkers formed than when the soft coal was burned the day before. It was not negligent for the defendant to set a man of the plaintiff's admitted knowledge and experience at work in the boiler room without further instructions or to fail to warn him of the increase in quantity or the change in the characteristics of the clinkers which would result from the use of the fuel provided on the second and third days of his employment. The failure to give instructions or warnings when none are needed is not negligence. *Cary* v. *Streeter & Sons Co.* 270 Mass. 175, 178, and cases cited. *Campbell* v. *Dearborn*, 175 Mass. 183. *Williams* v. *Churchill*, 137 Mass. 243.

The pointed iron bar which was being used by the plaintiff when he was injured was furnished to him when his employment began and there is nothing to show that any other kind of iron bar was used at the defendant's shops. He had used similar bars at other places where he had worked for similar purposes both before and after the accident although he had at one place used a different and better bar. A witness called by him testified as an expert that when clinkers "get cold and weld themselves almost to the grate," it is necessary to use a chisel bar and a chisel hammer; that he would not use a round pointed bar on the clinker in question, that it would have a tendency to slide over the top of the clinker. But that is not what happened

when the plaintiff was injured; on the contrary the bar he was using penetrated the clinker and was caught there. The defendant was not bound to furnish the plaintiff with the best possible or safest bar. Its obligation was to use care to provide one which was reasonably safe and proper for its contemplated use. *McDonnell* v. *New York, New Haven & Hartford Railroad,* 192 Mass. 538, 542. The evidence here does not warrant the finding that the bar furnished to the plaintiff was not reasonably safe and proper for the use which the plaintiff, at the time of his injury, was making of it. *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591. *Cary* v. *Streeter & Sons Co.* 270 Mass. 175, 178.

There being no evidence of negligence of the defendant judgment must be entered on the verdict.

*So ordered.*