VINCENT LAURIA vs. CHARLES UMANA.

Suffolk.    January 9, 1935. — January 10, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Employer's liability.

A finding for the plaintiff at the hearing of an action for personal in-
juries against his employer, who was not shown to have been insured
under the workmen's compensation act, was not warranted on evi-
dence showing merely that the plaintiff was injured by a tree falling
upon him; that previous to the falling of the tree he had been told
several times by men engaged in cutting it down to watch out when
it was ready to fall; that when it started to fall the man in charge
of the work called to everybody to look out; that the plaintiff, who
was digging a trench, sprang from the trench and ran in the direc-
tion in which the tree was falling; and that the tree did not fall
at the place where he had been in the trench: a finding of negligence
on the part of the defendant or his agents was not warranted.

TORT.    Writ in the East Boston District Court dated
November 22, 1933.

The action was heard in the District Court by *Lane*, J.
Material evidence before him is described in the opinion.
The judge found for the plaintiff in the sum of $1,000, and
reported the action to the Appellate Division for the North-
ern District, who ordered judgment entered for the defend-
ant.    The plaintiff appealed.

*J. Stone*, (*A. Cohen* with him,) for the plaintiff.

*S. Tangusso*, for the defendant.

RUGG, C.J.    The plaintiff seeks to recover compensation
for personal injuries received by reason of the alleged neg-
ligence of the defendant as his employer.    It is assumed in
favor of the plaintiff, but without so deciding, that he
was an employee of the defendant.    The evidence in its
aspect most favorable to the plaintiff tended to show that
he first began work on the job in question by digging a
trench on land where the foundation of a building was to
be dug.    Two other men were cutting down a large tree

seventy-five to one hundred feet high by digging and cutting its roots. Several times the plaintiff, who had himself cut trees and worked on jobs where trees were being cut, was advised to watch out when the tree was ready to fall. The tree was slanting by nature and no ropes were used to control its falling. After the plaintiff had been working about two and a half hours, and when the tree was starting to fall, the man in charge of the work called to everybody to look out. The plaintiff jumped out of the trench he was digging which was about two feet deep and ran in the direction in which the tree was falling. When he had gone about twenty or twenty-five feet the tree hit him causing injuries; the tree did not fall at the place where he was digging in the trench.

There was nothing to show that the defendant was insured under the workmen's compensation act.

This evidence affords no basis for a finding of negligence on the part of the defendant or any other man on the job as the cause of the injuries to the plaintiff. All danger was entirely plain when the plaintiff began work. He was an experienced workman. He was repeatedly warned to look out for the tree. Every reasonable precaution for his safety was taken by those in charge of the job. He was not injured in the place where he was directed to work. No act was done by the defendant or his agents in violation of any duty or obligation owed to the plaintiff. *Bernabeo* v. *Kaulback*, 226 Mass. 128, 131. *Walsh* v. *Boston & Maine Railroad*, 284 Mass. 250. The seventh request for ruling was in these words: "In order that plaintiff may recover in an action of this nature, he must prove negligence on the part of the employer, his agent, servants or employees. If, therefore, the court finds that in this action plaintiff has failed to prove such negligence, plaintiff cannot prevail in this action." It ought to have been granted by the trial judge. *Beggelman* v. *Romanow*, 288 Mass. 14. The order of the Appellate Division that judgment be entered for the defendant was right and is

*Affirmed.*