ANTHONY RODRIGUES'S CASE.

Suffolk.    March 3, 1936. — December 3, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Exceptions. *Proximate Cause*.

Medical and other testimony in a proceeding under the workmen's compensation act warranted a finding that the employee's work in a rubber factory for two weeks was the cause of dermatitis which incapacitated him at the end of that period.

No prejudicial error appeared in the admission in evidence, at a second hearing by a single member of the Industrial Accident Board, of an opinion by the claimant as to the cause of an injury from which he was suffering, where it appeared that at the first hearing he had given substantially the same testimony without objection by the insurer and that there was medical testimony to the same effect.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board.

In the Superior Court, a decree was entered by order of *Sheehan*, J., in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*H. B. White,* for the insurer.

*E. W. Nelson & J. A. Reilly,* for the claimant.

DONAHUE, J.  The insurer has appealed from a decree of the Superior Court awarding the employee compensation for total incapacity resulting from personal injury on September 26, 1933, while an employee of the Panther-Panco Rubber Company.

The employee was originally hired by the rubber company in 1932 but ceased to work on October 10 of that year because of trouble with his hands, throat and neck which was diagnosed by a physician as industrial dermatitis.  Thereafter he entered into an agreement with the company then insuring the employer for a lump sum settlement which was approved by the Industrial Accident Board. He received hospital treatment and according to his testimony the condition of dermatitis had cleared up by July or August, 1933.  The present insurer went on the risk on August 15, 1933.

The employee again applied to the rubber company for work on September 5, 1933.  It was a requirement of the company that all applicants for work at its plant must be examined by its physician and the employee was sent to its physician for examination.  That physician had examined the employee after his first term of employment with the company had terminated in 1932 while he was still suffering from dermatitis.  After the examination on September 5, 1933, the physician gave to the employee a card to take to the employer certifying that he was eligible for work.  The examining physician testified that on September 5, 1933, the hands of the employee were "clear," "all right" and that the employee then manifested no indications of dermatitis.  He also testified that he had seen other men suffering from dermatitis in connection with his work at the rubber company and at another manufacturing company and that if the employee had dermatitis at the time of the examination it would have manifested itself to such an extent that he, the physician, thought that he would have noticed it.  Another physician called as a witness by the insurer testified that when an acute condition of der-

matitis has disappeared one must come in contact with an irritant to bring it out again and that most cases of industrial dermatitis clear up in a certain length of time.

The employee went to work on September 5 and continued there for about three weeks. In that period he did not do any work elsewhere. During his earlier period of employment by the rubber company he had operated a machine known as a "calender." His work during the second period of employment was different. He then did general work around the plant. His duties included shovelling pieces of rubber from the floor where they were deposited by a conveyor, and throwing them into a tank which was connected with a machine called a "digestor." In the tank was sodium hydrate referred to by witnesses as "caustic." There was testimony that this was a very powerful chemical and that a small particle of it getting upon any part of the body would cause a severe irritation and a burn. There was medical testimony that this might spread into a slow dermatitis which would be slow to heal. The "caustic" used at the plant was dumped from cans upon the floor and shovelled into baskets by other men. It was part of the duties of the employee to drag these filled baskets along the floor with an iron hook and empty them into the "digestor." Among other tasks the employee, who worked nights, was required to sweep the floor every morning.

After the employee had worked about two weeks of his second term of employment his hands and throat again manifested indications of dermatitis. His fingers and his throat were bothering him and his left eye was swollen. He called this to the attention of the foreman and shortly afterwards he was discharged. It is not in dispute that he then had dermatitis and the evidence before the Industrial Accident Board warranted the finding that he was then totally disabled.

On the testimony of the employee, of the employer's examining physician and of the other physician called by the insurer, the findings were warranted that the employee was free from dermatitis at the time of the second hiring and that he had that disease at the time of his discharge.

The substantial question presented by the record is whether the Industrial Accident Board was justified on the evidence in finding that there was a causal relation between the work done by the employee during the second period of employment and the condition of dermatitis which he had at its termination.

The employee had the burden of proving such a causal relation but he was not required to exclude all other possible sources of his injury, *Uzzio's Case*, 228 Mass. 331, 333, *Blanchard's Case*, 277 Mass. 413, 415, or to show its precise cause, *Bean's Case*, 227 Mass. 558, 560, *Belanger's Case*, 274 Mass. 371, 374, *MacDonald's Case*, 277 Mass. 418, 421. It is sufficient if the evidence afforded the basis for the reasonable inference that his injury resulted from his work at the employer's plant in September, 1933. *Madden's Case*, 222 Mass. 487, 489. *Von Ette's Case*, 223 Mass. 56, 60. *Uzzio's Case*, 228 Mass. 331, 333. *Hughes's Case*, 274 Mass. 540, 543.

There was medical testimony that the condition of dermatitis existing after the employee ceased to work was caused by some chemical irritant with which the employee had come in contact. Without objection the employer's examining physician testified that the employee's condition was "due to some chemical irritant and where he had worked at the plant, it was his deduction that the condition had come from the work." The other physician called by the insurer testified that he was familiar with the chemicals used in a rubber shop and that he had obtained a history of some of the chemicals that were used at the employer's plant at that time. He further testified that, taking into consideration the chemicals used, it was his opinion that the employee "had an industrial dermatitis as a result of coming in contact with those chemicals." The witness later testified that in making this answer he had in mind that a man would have to come in contact with those chemicals at his work in order to cause a dermatitis.

The insurer contends that it does not sufficiently appear that the employee came in contact with any irritant chem-

ical at the plant during his second term of employment. It is true that the employee did not testify as to any instance during that time when any chemical irritant in fact came in contact with his skin and there was testimony which if believed would negative such a conclusion. We think, however, that taking into consideration the testimony in its aspects most favorable to the employee there was a basis for a reasonable man drawing a rational inference that some chemical irritant did come in contact with the employee while he was engaged in the duties of his last employment. We cannot say that such a finding by the Industrial Accident Board was unsupported by any evidence.

At the second hearing before the single member the employee was asked by his counsel if his condition after working two weeks of his last term of employment was caused by his work at the employer's plant and under the objection and exception of the insurer he answered affirmatively. His testimony generally manifested his view that the conditions under which he worked, and not some earlier or independent cause, produced his injury, although he did not undertake to say at what particular instant of time or under what precise circumstances any chemical came in contact with his skin and caused injury. At an earlier hearing he testified without objection that after working two weeks "His fingers and his throat were bothering him and this left eye was swollen up from the caustic." There was medical testimony that his condition after his employment ceased was due to some chemical irritant. In the testimony to which exception was taken he was only repeating what he in substance had earlier testified to without objection. The admission of the testimony in question cannot be said to have been prejudicial error.

*Decree affirmed.*