Wilson, J.
This was an action of tort. The declaration contained a count resting the plaintiff’s case upon the claim that the plaintiff was an employee of the defendant and was injured because of the negligence of the defendant. There was also a count resting the plaintiff’s case upon the claim that the plaintiff, at the request and invitation of the defendant’s janitor, was assisting him with his duties and was injured because of the negligence *599 of the defendant. The answer was a general denial and contributory negligence.
There was evidence at the trial tending to show that the defendant, at the time of the occurrence here under consideration, owned and controlled a large building in Lowell in which were located stores, offices, a dance hall and numerous club rooms. The defendant employed one Brown as a janitor to care for the building, keep it clean and make and collect rentals. That Brown was seventy-five years of age; that he asked the plaintiff to help him clean out the boiler of the heating plant and carry the ashes in barrels up a stairway from the cellar, through a side door, to the rear of the building; that there was no direct light over the stairway, but there was a light at the opposite side of the cellar and daylight came in from a cellar window. One-half of the door was also open. There was also evidence that the plaintiff’s coat was caught on a rusty nail, protruding about three inches from the inside of the door, causing him to fall with the barrel of ashes, from which the plaintiff sustained the injuries for which compensation is sought in this action. There was also evidence tending to show that Brown himself employed and paid the plaintiff out of his own salary and that the plaintiff had assisted Brown many times and had many times emptied ashes, using the same stairway.
The plaintiff seasonably presented fifteen requests for rulings of law. The trial court refused requests numbered 1, 3, 5, 7, 8, 12 and 15, found for the defendant, and made the following finding of facts:
“Upon all the evidence, I make the following finding of facts:
“On October 24, 1936, the plaintiff, while taking an ash barrel out of the basement of the Odd Fellows Building, in Lowell, which premises belonged to the defendant, caught his coat on a nail on the inside of the outside door.
*600 “This caused the plaintiff to fall down the steps, receiving some injuries.
“Milo D. Brown was a janitor of this building and was engaged by the defendant to keep it clean and to make rentals. Mr. Brown on this and several prior occasions hired the plaintiff to clean out the boiler and to carry out ashes for him, paying him in each instance out of his own money. Mr. Brown received a weekly wage from the defendant and had no authority to hire anybody or to incur any bills in the name of the defendant.”
It was for the trial court to say in his fact finding capacity what the relationship of the plaintiff was to the defendant. Marston v. Reynolds, 211 Mass. 590, 592. The court found he was not employed or paid by the defendant and that Brown had no authority to employ anyone.
If Brown was an independent contractor and employed the plaintiff, then the plaintiff, as such an employee, “must take the apparatus and appliances as he finds them so far, at least, as they can be plainly seen; as to obvious and permanent obstructions, . . . there is no duty to warn or instruct.” Cross v. Boston & Maine Railroad, 223 Mass. 144, 147, and cases there cited. Favereau v. Gabele, 262 Mass. 118, 119. Gray v. Boston, Revere Beach & Lynn Railroad, 261 Mass. 479, 482.
And it was held that whether a defect is an obvious one of which the plaintiff assumed the risk, or was a concealed danger of which the defendant had notice or which in the exercise of reasonable care it should have been discovered and remedied, was for the trial court. Gray v. Boston, Revere Beach & Lynn Railroad, 261 Mass. 479, 483.
The general finding of the trial court upon these issues is conclusive. Herman v. Sadolf, Mass. Adv. Sh. (1936) 1067, 1068. Moss v. Old Colony Trust Company, 246 Mass. 139, 143. Topjian v. Boston Casing Co., Inc., 288 Mass. *601 167. Graustein v. H. P. Hood & Sons, Inc., Mass. Adv. Sh. (1936) 319, 331.
The trial court found Brown had no authority to invite assistance in the performance of his work. Coulombe v. Horne Coal Co., 275 Mass. 226, 230. There was no’ such emergency that authority could be implied from the circumstances. See Hollidge v. Duncan, 199 Mass. 121, 123. Under such circumstances the relation of the plaintiff to the defendant was that of a bare licensee toward whom no duty was due other than to refrain from wilful, wanton and reckless conduct. Coulombe v. Horne Coal Co., 275 Mass. 226, 230. Neither the protruding nail nor other conditions surrounding the • accident to the plaintiff warranted a finding of any wilful, wanton and • reckless conduct.
There was. no error on the part of the trial court in dealing with the plaintiff’s requests.
What has been heretofore said, disposes of the first, fifth, twelfth and fifteenth requests. The fifth became immaterial because of the finding of the trial court. Commonwealth v. Clark, Mass. Adv. Sh. (1935) at 2444, and cases cited. The seventh and eighth were requests for findings of fact which the trial court is not obliged to make. Dolham v. Peterson, Mass. Adv. Sh. (1937) 1019, 1021. Maglio v. Lane, 268 Mass. 135. Castano v. Leone, 278 Mass. 429, 431.
No prejudicial error appears in the record before us and the report is dismissed.