Zottoli, J.
This is 'an action of tort in which the plaintiff seeks to recover damages from his employer for personal injuries' received in the course of his employment. The declaration is in three counts, the substance of which is hereinafter set forth.
The report sets out that “at the trial there was evidence tending to show that the plaintiff was employed by the defendant — from 1939 to the time of the accident as dish *312 washer. Part of his duties' had been to empty all the garbage into large cans in the basement. When he commenced this work corrugated iron pails with substantial handles had been provided by the defendant. It was the plaintiff’s duty to carry the garbage in these iron pails from the dish-washing bench over to the large cans in the basement and empty the iron pails into the large cans. Prior to the day of the accident the defendant replaced the corrugated pails with lard cans, the handles of which often broke off and the metal of which, being light, developed leaks. The lard cans were about eighteen inches in height and twelve inches in diameter. It was the duty of the plaintiff’s superior to see that the floor around the large garbage cans was kept clean. The porters cleaned the floor at night but sometimes they neglected to do this. ’ ’
It was the duty of a fellow servant of the plaintiff’s to keep the floor around the large garbage cans clean at all times. If the floor was not clean this fellow servant would have been derelict in his duty. On the day of the accident the plaintiff took a lard can to the basement, dragged it along the floor to the larger garbage can, lifting it by grasping a handle with his left hand and putting his right hand under the bottom of the lard can. As he lifted the lard can he slipped on some garbage on the floor which had not been cleaned up by his fellow servant. In slipping he twisted himself, immediately suffering a sharp pain in the lower abdomen. It was necessary for the plaintiff to put his hand on the bottom of the lard can because the lard can lacked one handle. The plaintiff slipped because of the garbage, which had been on the floor some time, and because of the position his body was in when lifting the lard can which had but one unsubstantial handle. The plaintiff demonstrated to the court the way in which he lifted the lard can and the manner in which he slipped.
*313 At the close of the trial the defendant duly presented six requests for rulings. The court denied all of these requests except 1(a) taking no action on said request. The court made a notation opposite requests 1(b) and 1(c) reading: “Finding is made on Count 2 and 3.” All of the defendant’s requests need not be herein set out because the defendant claims to be aggrieved only by the denial of its requests numbered 1(b), 1(c) and 2 and 5 and the court’s failure to act on request numbered 1(a). Requests 1(b) and 1(c) asked the court to- rule that “the evidence does not warrant a finding for the plaintiff” on Count 2 and on Count 3 of the plaintiff’s- declaration. The second Count “alleges negligence in that the plaintiff was required to lift a barrel without adequate and suitable tools or equipment.” Count 3 sets out that “the defendant failed to-maintain a safe and suitable place in which to work and in causing the floor to become ¡slippery.”
It is- obvious from the evidence reported that the plaintiff’s injuries- were not received as- alleged in the second count. The evidence reported -does not ¡sustain the allegation that “the plaintiff was required to lift a barrel without adequate and suitable tools or equipment.” However, this technical error does not give the defendant any right of reversal, for its requests above referred to are “general”. It is well established that a general request for a ruling that the plaintiff cannot recover on -a count in a declaration does not sufficiently call the attention of the presiding judge to the fact that a variance between the pleadings -and the ¡evidence is relied on. In these circumstances- it is the case tried rather -than the case pleaded that is considered. In effect, a request “that upon all the evidence the plaintiff cannot recover” is- a request to rule that the evidence is- insufficient, in any legal form of declaring to justify -a finding for the plaintiff for any *314 amount. Ideal Leather Goods Co. v. Eastern S. S. Corp., 220 Mass. 133, 135. Rubin v. Huhn, 229 Mass. 126, 129. Earle C. Dodds, Inc. v. Boston Casualty Co., 308 Mass. 124, 127. What has been said with reference to the first count also' largely applies to the second count. The evidence reported will not sustain a finding that the plaintiff stepped on “a slippery floor”. It does sustain a finding that he slipped on garbage that was on the floor for “some time”.
As we view the report in this case a rather narrow issue is presented wherein the facts are not greatly in dispute. The real issue presented is whether on the evidence presented a finding of negligence on the part of the defendant, its servants or agents is warranted. It may serve a useful purpose to set out some of the underlying legal considerations.
It appears from the evidence reported that the defendant was not insured under the Workmen’s Compensation Act, G. L. (Ter. Ed.) chap. 152. It is well settled, under the provisions of sec. 66 of said chapter, if the plaintiff was injured in the course of his employment it is no defense in ■ an action to recover damages therefor, that the plaintiff was negligent or had assumed the risk of injury, or was injured by reason of the negligence of a fellow employee. Dooley v. Sullivan, 218 Mass. 597. Bernabeo v. Kaulback, 226 Mass. 128. Schlehuber v. American Express Co., 230 Mass. 347. Gayton v. Borsofsky, 230 Mass. 369.
In such case the only question is whether there was any negligence of the defendant or its servants or agents having causal connection with the injury to the plaintiff. Roberts v. Frank’s, Inc., 314 Mass. 42, 45. Mucha v. Northeastern Crushed Stone Co., Inc., 307 Mass. 592, 593. Walsh v. Boston & Maine Railroad, 284 Mass. 250, 251. Hutchinson v. Sovrensky, 267 Miass. 5, 6. Starr v. Chafitz, 317 Mass. 227.
*315 It is also well settled in such a case the provisions of the Act do not relieve the plaintiff from the burden of proving negligence of the defendant, its servant or agent was a proximate cause of the injury. Currier v. Whitin Machine Works, 258 Mass. 82. Mucha v. Northeastern Crushed Stone Co., Inc., 307 Mass. 592, 597.
The Workmen’s 'Compensation Act does not enlarge the duty of the employer who is not a subscriber, nor transform into negligence conduct which apart from that statute would impose no liability upon him. It is necessary for the plaintiff to show as ground of recovery that the defendant committed a breach of some legal duty owed by it to the plaintiff. It is well settled by a variety of cases, there can be no negligence without some act or omission in violation of a legal duty. Ashton v. Boston & Maine Railroad, 222 Mass. 65, 70. Walsh v. Turner Centre Dairying Assoc. 223 Mass. 386. Cuozzo v. Clyde Steamship Co., 223 Mass. 521, 524. Berabeo v. Kaulback, 226 Mass. 128, 131. Mammott v. Worcester Consolidated St. Ry., 228 Mass. 282. Goodwin v. E. B. Nelson Grocery Co., 239 Mass. 232, 234. Forance v. Bigelow Hartford Carpet Co., 257 Mass. 507. Karlowski v. Kissock, 275 Mass. 180, 183.
It is well settled an employer is not responsible in tort for injury resulting* from forces not avoidable by the exercise of that rational care required of a reasonable man. This sort of injury may be classed as arising out of pure accident. Boynton v. Hess, 9 Pick. 528. Brown v. Kendall, 6 Cush. 292. Nichols v. Boston Elevated Ry., 231 Mass. 299. Hill v. Winsor, 118 Mass. 251. While it is true a plaintiff is not bound to show the particulars of the defendant’s negligence, and that it is enough if he shows facts from which■ negligence properly may be inferred; Mooney v. Conn. River Lumber Co., 154 Mass. 407, and that the conclusion that the defendant was negligent may be reached not only by direct evidence of the facts but also by rea *316 sonable inferences therefrom,; Uzzio’s Case, 228 Mass. 331, 332. Bianchi v. Denholm & McKay Co., 302 Mass. 469. Yet it is also true 'that there must be some evidence of negligence having causal connection with the injury. Conjecture is not enough to support a finding for the plaintiff. Crocker v. Baltimore Dairy Lunch Co., 214 Mass. 177. Ash v. Childs Dining Hall Co., 231 Mass. 86. O’Brien v. Louis K. Liggett Co., 255 Mass. 553.
The plaintiff in substance contends the court was justified in finding the defendant was negligent because it appeared in evidence that cans at times leaked making the floor slippery; that the lard cans were not suitable for the purpose they were used for; and that it was negligent in not removing the offending garbage from the floor.
It needs no further citation of authority to demonstrate that negligence is without legal consequence unless it is a contributing cause of the injury complained of. The fact that cans “developed leaks” prior to the date of the accident is immaterial in view of the fact that there is no evidence that leaking cans were in any manner causally related to the plaintiff’s injuries. Nor does it appear that the defendant breached any duty it owed the plaintiff in regard to the can he used at the time of his injury. There is no doubt but that it was the duty of the defendant to exercise reasonable care to provide for the plaintiff cans that were reasonably suitable for the work he was engaged to perform. Mucha v. Northeastern Crushed Stone Co., 307 Mass. 592, 595, supra. There is also no doubt but that the burden of proof was on the plaintiff to show affirmatively that the defendant had failed in that duty. It is also well established the defendant was not bound to furnish the plaintiff with the best possible or safest can. Its obligation was to use care to provide one which was reasonably safe and proper for its contemplated use. Walsh v. Boston & Maine *317 Railroad, 284 Mass. 250, 253. It does not appear from the evidence reported when the handle to the can in question broke, if that be material, or that there were not other cans that were undamaged, which the plaintiff could have used, if he thought the use of the one handled can was not fit for the use intended.
Furthermore, there is no evidence that the contemplated use of the can in question was improper or dangerous. It is not contended by the plaintiff, and we think rightly so, that the use of the can in question was unreasonable if the floor had been free from the garbage the plaintiff slipped on. There is no evidence that the can in question leaked or that the floor was wet from leaky cans at the time the plaintiff slipped on the garbage. In view of the fact that it does not appear the can used was unfit for its contemplated use it is immaterial that “prior to the day of the accident the defendant replaced the corrugated pails with lard cans, the handles of which often broke off, and the metal of which being light developed leaks.” We think it is obvious the can in question was not unreasonably large or heavy and that it was reasonably safe and proper to use it for the purpose contemplated even though it had only one handle. Therefore a finding of negligence posited on a failure to supply a proper can would not be warranted.
Nor is the plaintiff’s contention that a finding of negligence is warranted because of the existence of the offending garbage on the floor for “some time”. The plaintiff apparently contends the court was justified in finding the defendant was negligent because there is evidence of the following tenor, — “it was the duty of the plaintiff’s superior to see that the floor around the large garbage cans was kept clean. The porters cleaned the floor at night but sometimes they neglected to do this. It was the duty *318 of a fellow servant of the plaintiff to keep the floor around the large garbage cans clear at all times. If the floor was not clean this fellow servant would have been derelict in his duty.”
It is clear that if the above narrative must be taken literally, the contention of the plaintiff is justified. We do not believe it should be so taken. It has been well said that “words are only skin for the thought.” If the testimony above referred to was intended to establish the true relationship of the parties that relationship would be little short of that of an insurer. The plaintiff in his argument before this division did not contend, and we think rightly so, that an insurer’s contract was intended. In view of the relationship of the parties and all the surrounding circumstances, it is not reasonable to conclude that any other relationship than that of ordinary employer and employee was intended. Under the circumstances disclosed by the evidence reported we believe the defendant owed the plaintiff a duty to use only reasonable care to provide him with a safe place in which to perform the work he was hired to do. Roberts v. Frank’s, Inc., 314 Mass. 42, 45 supra.
It appears from the evidence reported that but for the presence of the offending garbage which caused the plaintiff to slip, the locus was a reasonably safe place in which to perform the work he was engaged to do. Under the circumstances disclosed by the evidence reported, the plaintiff had the burden of proving the garbage in question was 'there through the negligence of the defendant’s servants or agents, either in causing it to be there or in not discovering or removing it. The criterion of due care is reasonable care, and that pre-supposes an opportunity to discover and remedy the conditions unless it appears that *319 they were carelessly caused by the defendant’s servants or agents. The evidence before us does not warrant a finding the garbage in question was spilled or placed on the floor by other employees of the defendant. How, when, or by whom it was caused to be there does not appear. There is no evidence that it had been on the floor for more than “some time” before the accident. The expression “some time” is a relative phrase which gives no definite idea of the extent of time involved. Putnam v. Great Atlantic & Pacific Tea Co., 304 Mass. 364, 366, 367. Mandigo v. Hamid Amusement Co., 317 Mass. 225.
It follows that it is conjectural as to how long the offending garbage was on the floor. For this reason a finding of negligence on that branch of the case is not warranted. From what has been said it appears that the plaintiff has not sustained the burden of proving the defendant guilty of any negligence having causal connection with the plaintiff’s injury. It follows that the defendant’s requests 1(c) and 1(d) should have been granted, and therefore judgment for the defendant must be ordered. Finding for the plaintiff vacated judgment for the defendant ordered.