CLAIRE G. LEVY, administratrix, *vs.* H. E. FLETCHER Co.    November 4, 1969.    In this action of tort to recover for the conscious suffering and death of the plaintiff's testate, the plaintiff excepted to the allowance of the defendant's motion for a directed verdict. The plaintiff's testate, an employee of an independent contractor, sustained his injuries in a fall through a portion of the roof of the defendant's building which his employer had undertaken to repair. Roofing work is hazardous, and reasonable examination by the independent contractor or its employees would have disclosed the condition which produced the fatal injury to the plaintiff's testate. *Favereau* v. *Gabele,* 262 Mass. 118, 119. There was no duty to warn laid upon the defendant unless the defendant had some reason, which does not appear, to consider that a warning was necessary. *Cadogan* v. *Boston Consol. Gas Co.* 290 Mass. 496, 499–500. There is no evidence of any violation of any duty owed to the plaintiff's testate by the defendant.

*Exceptions overruled.*

The case was submitted on briefs.

*George A. Goldstein* for the plaintiff.

*Richard K. Donahue* for the defendant.

ANTONIO JOAQUIM & others *vs.* WILLIAM FIGIEL.    December 1, 1969.    In this action of tort for personal injuries, property damage and consequential damages arising from the alleged negligent operation of a motor vehicle by the defendant, the jury returned verdicts for the defendant. There is no merit to the plaintiffs' exceptions to the judge's charge. Although the charge was not given in the precise terms requested, the jury were adequately instructed that physical contact between the two vehicles was not essential to establish causal connection between negligence and damage. The requested instructions regarding G. L. c. 90, § 14B (erroneously cited by the plaintiffs in their request) and § 17, were not applicable on any version of the evidence. The issue of contributory negligence was left to the jury under proper instructions.

*Exceptions overruled.*

*Herbert Murphy (Arthur A. Frankl* with him) for the plaintiffs.

*Edward J. Dobiecki,* for the defendant, submitted a brief.