GUISEPPE GALLO *vs.* PATRICK H. LEAHY.

DOMINIC MARASCIO, JR., administrator, *vs.* SAME.

Suffolk.    January 5, 1937. — May 24, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Of one owning or controlling real estate, Toward employee of independent contractor.

In the absence of evidence of any hidden defect in an old wall, the owner could not properly be found liable for injuries to employees of an independent contractor caused by its falling while they were digging a trench near it for the purpose of building a new wall.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the West Roxbury District of the City of Boston dated October 25, 1933.

The actions were heard together in the Municipal Court by *Deland,* J., who found for the plaintiffs in the sums, respectively, of $1,000 and $3,000. Upon a consolidated report to the Appellate Division for the Southern District, judgments were ordered to be entered for the defendant. The plaintiffs appealed.

*M. J. Dray,* for the plaintiffs.

*J. J. Mulcahy,* for the defendant.

PIERCE, J.    These are two actions of tort which were tried together in the Municipal Court of the West Roxbury District. There was a finding for the plaintiff Gallo on count 5 of his declaration, and a finding for the plaintiff

Marascio on count 9 of his declaration. Said counts are printed in the margin.* The cases are before this court on the appeals of the plaintiffs from the final decisions of the Appellate Division for the Southern District, which reversed the findings of the trial judge and ordered judgments for the defendant. The consolidated report contains a statement of the pleadings and of the facts in each case. The defendant's answers contained a general denial and an allegation of contributory negligence.

In both cases the trial judge made the following findings of fact or "Decision of Court": The defendant was the owner of property at 4404A Washington Street, Roslindale, upon which was a general store operated by him. In the rear of this store was a passageway surfaced with cement. Abutting this lengthwise and parallel to the rear of the building, was a retaining wall, about nine years old, eighty feet long and six feet high. The defendant purchased the property including the wall on it in 1932. During the spring of 1933 he noticed the wall was out of line and that its convexity had increased. He became concerned about its condition as he knew it was not perfectly safe, and he was "afraid of it"; but he "sensed no immediate danger and thought that the exact time of its collapse was in-

---

* "Count 5. And the plaintiff says that on or about September 27, 1933, while he was lawfully and rightfully working on the defendant's premises, and not as an employee of the defendant, he received injuries by reason of the carelessness and negligence of the defendant in failing to notify the plaintiff of a hidden defect in a wall on the defendant's premises, which hidden defect the defendant knew of, or had reasonable cause to know of, and which hidden defect was wholly unknown to the plaintiff. The plaintiff further says that he was in the exercise of due care at the time he received said injuries, and that by reason of the said negligence on the part of the defendant the plaintiff suffered great pain of body and mind, all to his great damage."

"Count 9. The plaintiff says that he is the administrator of the estate of Dominic Marascio, duly appointed by the Norfolk County Probate Court; that on or about September 27, 1933, while the Plaintiff's intestate was lawfully and rightfully working on the defendant's premises, and not as an employee of the defendant, the plaintiff's intestate received injuries which resulted in his death; and the plaintiff further says that said fatal injuries were caused by reason of the carelessness and negligence on the part of the defendant in failing to notify the plaintiff's intestate of a hidden defect in a wall on the defendant's premises, which hidden defect the defendant knew of, or had reasonable cause to know of, and which hidden defect was wholly unknown to the plaintiff's intestate; the plaintiff still further says that the plaintiff's intestate was in the exercise of due care at the time he received said injuries; and that the plaintiff's intestate left a wife and children for whose benefit this action is brought by the plaintiff for the plaintiff's intestate's death."

definite." In the fall of 1933, he decided to build a new wall. On September 24, 1933, one Basile, a contractor who was a wall builder, submitted to the defendant two plans of a wall differing in methods of construction. On September 25, 1933, the defendant accepted one of these plans, and told Basile he wanted a new wall in front of the old one and that "the job was his." The next morning at about eight o'clock, Basile, Marascio and Gallo appeared with tools belonging to Basile. Basile put down a line, told Gallo and Marascio where to dig, and went away. Gallo and Marascio broke the concrete surface in front of the old wall with sledge hammers, and began to dig a trench eight inches or so from the base of the old wall, and between the outward face of the wall and the rear of the building. On four or five occasions the defendant, Leahy, came to the place where the men were digging, but made no comment as to the condition of the wall, the place of the digging or the mode of construction. Shortly after one o'clock when the trench had been dug some thirteen to fifteen feet, the old wall collapsed. Both men jumped but some portion of the wall fell on Marascio, pinned him to the ground, and covered him from his feet to his shoulders. Gallo fell on top of a piece of the wall and was hurt in the back and chest.

In each case the defendant presented to the trial judge a number of requests for rulings, the granting of which by the judge indicated findings against the plaintiff in each case on all counts but one. As to count 9 in the Marascio case and count 5 in the Gallo case, both alleging injuries as a result of the defendant's alleged breach of duty in failing to notify the workmen of a hidden defect in the wall of which the defendant knew or should have known, the trial judge denied the defendant's request 58 in the Marascio case and his request 41 in the Gallo case, to the effect that on all the evidence there could be no recovery under those counts. On report of the cases, the Appellate Division, after a hearing, decided that prejudicial error had been committed in the denial of such requests.

In addition to the above mentioned findings of the trial

judge, the material evidence in the record most favorable to the plaintiffs concerning the condition of the old wall before the accident was in substance as follows: It was leaning toward the workmen as they dug the trench. It might have been "sticking out" four or five inches. An examination of the wall after its fall showed that it was not reinforced nor provided with drains or "weep" holes. The contractor, before undertaking the work of building the new wall, had advised the defendant to tear down the old wall first, because in three or four years the old wall would fall and knock over the new wall. The defendant testified that between the spring and September, 1933, the bulge in the wall had increased perceptibly, and that cracks in the wall were apparent.

The only material question considered by the Appellate Division, and argued here by the parties, is whether there is any evidence to support the findings of the trial judge for the plaintiffs on the ground that the injuries to the workmen resulted from a failure on the part of the defendant to warn them of a hidden defect in the old wall of which the defendant knew or should have known. The argument on this point is based on the hypothesis, which is not controverted by the plaintiffs, that the two workmen were employees of the contractor, Basile.

In circumstances similar to those in the cases at bar, the owner of land has the duty, to workmen of an independent contractor coming on his premises for the purpose of doing work at the owner's request, to disclose to them hidden defects of which he knows or of which in the exercise of reasonable care he should know. *Gray* v. *Boston, Revere Beach & Lynn Railroad*, 261 Mass. 479, 482, 483. Except in cases of hidden defects, the owner owes no duty to alter the condition of his premises to make them safe for such workmen. *Favereau* v. *Gabele*, 262 Mass. 118, 119. *Brogna* v. *Capodilupo*, 279 Mass. 586, 590, 591. The burden is on the plaintiffs to show, not only that the injury was caused by the defendant's failure to warn of a hidden defect, but that the defect was one of which the defendant knew or which he would have discovered by exercising reasonable

care. *Brogna* v. *Capodilupo,* 279 Mass. 586, 591. In general there is no duty to warn in the law of torts, unless the person on whom the duty would rest has reason to suppose that a warning is necessary. *Cadogan* v. *Boston Consolidated Gas Co.* 290 Mass. 496, 499–500. There is no duty in these cases to warn of obvious defects. *Gray* v. *Boston, Revere Beach & Lynn Railroad,* 261 Mass. 479, 483. *Favereau* v. *Gabele,* 262 Mass. 118, 119. In the cases at bar there is no evidence, lay or expert, in the record of any hidden defect in the old wall. A careful examination of the trial judge's findings of fact will show that there was no evidence of any particular hidden defect other than is to be inferred from the fact that he found for the plaintiffs on counts 5 and 9 respectively, and refused to give the defendant's requests 41 and 58, to the effect that on all the evidence there could be no recovery on those counts.

At the outset it is plain the plaintiffs have failed to show that the failure to warn of any defect was causally connected with the injuries received by Gallo or the decedent. There is no evidence in the record which shows what actually caused the old wall to fall. It is the plaintiffs' contention "that common knowledge and experience dictate that to dig a trench within eight inches of a wall which is known by the defendant personally to be unsafe furnishes ample and probable cause for the fall of such wall"; that "All the evidence in the instant cases and the inferences to be drawn therefrom definitely support the theory, adopted by the trial court, that the undermining of the wall by digging the trench was the cause which occasioned this wall to fall"; that "There is no evidence in the case offered by the plaintiffs or the defendant which would tend to show that the wall was caused to fall by any other facts or circumstances"; and that "As part of the plaintiffs' cases there was no attempt to show by any expert testimony the specific cause for the fall of the wall because the plaintiffs assumed that upon the evidence offered by them, with the natural inferences to be drawn therefrom, the court would, as it properly did, determine as a fact that the wall fell by reason of its being in a defective condition and then being undermined."

It is plain there is no evidence as to what actually caused the wall to fall. From all that appears, a wall which was in good condition might similarly have fallen if a concrete surface in front of it had been broken by the use of sledge hammers, and a trench dug about eight inches from its base. The plaintiffs' evidence leaves to pure conjecture whether the fall of the wall was caused by hidden defects of the wall or by the forcible removal of the concrete which supported its base. Defects in the wall shown by the evidence to have existed, such as cracks, bulging and convexities, were obvious defects, and the evidence that the wall was not reinforced nor provided with drains did not go far enough, because there was no evidence that these conditions contributed to cause the accident. Upon the whole evidence no fact or circumstance appears to warrant a finding that the fall of the wall was due to a cause or condition of the wall which was not obvious. The plaintiffs have failed to show whether a hidden defect did cause the fall of the wall and that such defect was one of which the defendant knew or in the exercise of reasonable care should have known.

It results that the decision of the Appellate Division that there was prejudicial error in the refusal of the trial judge to grant the defendant's request 41 in the Gallo case and 58 in the Marascio case was correct; and that in each case the decision of the Appellate Division ordering judgment for the defendant should be affirmed.

*So ordered.*