GEORGE WILLIAMS *vs.* UNITED MEN'S SHOP, INC.

Bristol.   October 23, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence,* Toward employee of independent contractor, One owning or controlling real estate.

A finding of negligence of the proprietor of premises toward an electrical contractor's employee sent there to repair an electric fan located in a recess was not warranted by evidence showing merely that while the employee was crawling out of the recess his hand was injured by contact with the fan when "he knelt on" "some loose object" which "tipped him over," but not showing the nature of the object or how long it had been there.

TORT.   Writ in the Superior Court dated January 27, 1941.

The action was tried before *Walsh,* J.

*J. T. Farrell,* for the plaintiff.

*T. F. O'Brien,* for the defendant.

SPALDING, J.   The plaintiff seeks to recover compensation for personal injuries sustained by him while engaged in repairing an electric fan on the defendant's premises.

These facts could have been found: The plaintiff was an electrician employed by an electrical contractor who had agreed with the defendant to do some electrical work in the latter's store.   The contract, among other things, called for the installation of an electric fan, and on July 5, 1939, the plaintiff assisted in setting one up.   The fan (which was installed in a rectangular area above one of the show cases in the store) was enclosed behind a removable screen.   As a result of complaints from the defendant that the fan was not working properly, the plaintiff on July 20, 1939, (pursuant to instructions from his employer) went to the store for the purpose of making the necessary adjustments.   He removed the screen and climbed into the recess in which the fan was located.   To do this it was necessary for him to "crouch and crawl in on his hands and knees."   The

light was sufficient and he could see everything inside. Upon completing the adjustments on the fan, the plaintiff caused it to be started so that he could listen to it. He listened to it for two or three minutes, and, observing that he had left his pliers underneath the fan, again crawled into the recess to get them. After obtaining his pliers, and while withdrawing from the recess, "he knelt on something that got under his knee and 'it tipped him over,' [it was] some loose object . . . '[which] was not part of the floor,' and he threw his hand up and hit the fan," as a result of which he sustained the injuries complained of. Between July 5, 1939, and July 20, 1939, the day of the accident, another contractor had done some carpentry work in the recess in which the fan was located.

At the close of the evidence, on motion of the defendant, the judge directed a verdict for the defendant subject to the plaintiff's exception. The correctness of this ruling is the only question for decision.

Where, as here, the defendant invited the plaintiff, an employee of an independent contractor, to perform work on its premises, it owed him the same duty that it owed to one of its own employees. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432. *Brogna* v. *Capodilupo,* 279 Mass. 586, 590. That duty is to disclose to the employee hidden defects of which the employer knows or of which in the exercise of reasonable care he should know. *Gallo* v. *Leahy,* 297 Mass. 265, 268. Except in cases of hidden defects, the employer owes no duty to alter the condition of his premises to make them safe for the employee. *Pilling* v. *Hall,* 251 Mass. 425, 427. *Favereau* v. *Gabele,* 262 Mass. 118, 119. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364. To recover, the plaintiff had the burden of proving not only that the injury was caused by the defendant's failure to warn of a hidden defect but that the defect was one of which the defendant knew or which it could have discovered by exercising reasonable care. *Gallo* v. *Leahy,* 297 Mass. 265, 268.

The evidence in this case affords no reasonable basis for a finding that the plaintiff's injuries were attributable to

any breach of duty owed to him by the defendant. It does not appear what it was that the plaintiff knelt on or how long it had been there. It is just as reasonable to infer that the accident was caused by the plaintiff's kneeling on one of his own tools or on some other thing for which the defendant was not responsible as to infer that it was due to some condition for which the defendant was liable. The cause of the accident is conjectural. While the plaintiff, in order to recover, is not bound to exclude every other possibility of cause for his injury than that of the defendant's negligence, he is required to show by a fair preponderance of the evidence a greater likelihood that it came from an act of negligence for which the defendant was responsible than from a cause for which it was not. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537. *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, 348. Since the plaintiff's case fails to meet this requirement, a verdict for the defendant was rightly ordered. The case at bar falls within the class of cases illustrated by *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593, *Jabbour* v. *Central Construction Co.* 238 Mass. 453, *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 10, *Moore* v. *Amesbury,* 268 Mass. 462, and cases cited, *Walker* v. *Benz Kid Co.* 279 Mass. 533, *Gallo* v. *Leahy,* 297 Mass. 265, *Brown* v. *Bangs,* 306 Mass. 551, and *Starr* v. *Chafitz, ante,* 227.

*Exceptions overruled.*