REUBEN BLOOM *vs.* IRVING WARSHAW & another.

Suffolk.   November 5, 1954. — December 8, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Proximate Cause.   Negligence,* One owning or controlling real estate, Painter.

In an action by a house painter for injuries sustained in the course of painting the defendant's house when, as the plaintiff was stepping from an upright ladder onto a roof ladder which he had placed on the pitched, slate roof of the house and had hooked to the peak with a single hook, two loose, misaligned slates and the roof ladder slid sideways together and he fell to the ground, the evidence left it conjectural whether the sliding of the ladder was caused by the sliding of the two slates or was due solely to the force exerted by him in stepping onto the ladder, and he could not recover.

TORT. Writ in the Superior Court dated March 29, 1950. The action was tried before *Meagher,* J.

*Morris Michelson,* for the plaintiff.

*Samuel P. Sears,* (*Lawrence R. Cohen* with him,) for the defendants.

RONAN, J. The plaintiff in this action of tort seeks to recover for injuries sustained when he fell from the roof of the defendants' house. The judge subject to the exception of the plaintiff directed a verdict for the defendants.

The defendants owned a two and one half story house which the plaintiff and his partner, one Klotz, undertook to paint, furnishing all materials, labor, and equipment at an estimated cost. The house had a pitched roof with sloping sides about 18 feet in height on each side of the peak which was about 50 feet above the ground. The house had a number of dormer windows. The roof was covered by slates, each 10 by 16 inches and having two holes near the top through which nails were driven to hold it in place. Each row of slates overlapped one third of the slates in the next lower row. The plaintiff testified that previous to going to work he inquired of the male defendant about the condition of the roof, and that he was told that the roof was perfect and had just been fixed. There was evidence that the defendants purchased the house just after it was built in either 1920 or 1925, and that the only work done to the roof was to repair a leak in 1946. The plaintiff preparatory to painting the wood trim on one of the dormer windows had a forty foot ladder raised to the side of the building which rested on the edge of the roof about opposite a dormer window. He then placed a fifteen foot ladder flat upon the roof. A hook extending 2 feet from the top of the ladder was placed against the opposite side of the peak of the roof. The lower end of the hook was attached to the middle of the top of this ladder. One side of the ladder was 6 inches and the other side about 2 feet to the right of the dormer window. The plaintiff stepped from the upright ladder to the right side of the roof ladder, which then swung to the right causing the plaintiff to fall to the ground. There

was testimony that the plaintiff had noticed that the corners of two slates were about one half an inch below the bottom line of their row of slates, and that these two slates swung to the right at the time the ladder moved to the right.  It was discovered after the accident that the nail in the left hand hole of each of these slates had rusted and so permitted the left hand corner of the slates to sag below the bottom line of the row of slates.

If the defendants prior to the injury had examined the roof and found the two misaligned slates and should have known that they constituted a defect, it would be hard to perceive why the plaintiff, an experienced painter, who had actually seen the slates before he placed the ladder upon them, should not be charged with knowledge of the defect. He selected his own method for doing the work.  An assurance of safety is usually a material factor, *Burwick* v. *McClure*, 318 Mass. 626, but there may be circumstances where it alone is not sufficient to carry the case to the jury. *Rasimas* v. *Swan*, 320 Mass. 60.  We need not, however, further pursue the point in view of the conclusion we reach.

The plaintiff testified that he put his right foot on the lowest rung of the roof ladder and let go of the upright ladder with his left hand and bent down to grasp the roof ladder with both hands, and the two slates slid to the right, and when the slates slid so did the roof ladder.  The ladder was attached to the farther side of the peak by a single hook extending about 2 feet above the center of the top rung.   The ladder was prevented from sliding down the roof by the hook.  Not every point in the under surfaces of both runners of the roof ladder was in contact with the slate roof.   The points of contact were about 10 inches apart depending on the overlapping of the slates, and even this limited contact rested upon a hard, nonabrasive substance such as slate.   The ladder slid to the right when force was applied in that direction as the plaintiff attempted to get upon it some 17 feet below the point where the hook rested on the peak.   The plaintiff was required to show by a greater likelihood that his injury resulted from the de-

fendants' negligence rather than from a cause for which the defendants were not responsible. In our opinion it is a matter of conjecture and surmise whether the slipping of the ladder was due to the slipping of the slates or to the force exerted by the plaintiff in attempting to get upon it, causing it to swing to the right together with the two slates. *Walker* v. *Benz Kid Co.* 279 Mass. 533. *Gallo* v. *Leahy,* 297 Mass. 265. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319.

The exceptions to the exclusion of evidence of certain witnesses, much of which was in most instances substantially introduced in evidence during the examination of these witnesses, require no further discussion. Even if it all had been admitted the result would be the same.

*Exceptions overruled.*