*Northern District*

No. 4853

## LOUIS Y. MUCHNICK
v.
## SHOPPERS' GARAGE, INC.

(June 10, 1955)

*Brooks, J.* Plaintiff sues in tort for damages to his automobile allegedly caused by defendant's negligence. Plaintiff's wife drove the car from his home to defendant's garage without accident. There was testimony that before leaving home she examined the vehicle and saw that it was undamaged. It was a holiday. The garage was crowded. There was an attendant at each of the two doors. When plaintiff's wife arrived at the garage, one of these attendants took over the car and drove it up the ramp to its berth. An attendant later re-delivered the car to plaintiff's wife when she called for it.

There was testimony that Mrs. Muchnick had no accident on the way home but that when she alighted on her arrival, she found the car damaged on its right side.

Following the trial, defendant filed the following requests for rulings:

1. The defendant, a garage keeper, is a bailee for hire, and as such is liable for any loss or damage to the property resulting from *its negligence,* or that of its servants or agents acting within the scope of their employment.

2. The defendant is bound to exercise only that degree of care which may reasonably be expected from ordinarily prudent persons under similar circumstances.

3. The defendant being liable only for negligence and the burden is upon the plaintiff to show negligence, it is necessary to the plaintiff's recovery for the plaintiff to show the actual facts which he relies upon to prove negligence.

4. The plaintiff introduced no evidence to warrant the finding of negligence upon the part of the defendant bailee.

The court (*Sartorelli, J.*) allowed Nos. 1, 2, and 3, and denied No. 4 and found for plaintiff in the sum of $216.50.

There being credible evidence to support a finding that the damage to plaintiff's automobile occurred

while it was at defendant's garage, the sole question is whether there was evidence of negligence on the part of defendant which contributed to the damage received by the automobile while in the garage. To put it another way—was there evidence that the damage was caused by an employee or defendant?

The only evidence as to the practice of defendant in handling cars after their arrival at the garage door was that an attendant on this occasion took over plaintiff's car on its arrival and re-delivered it to Mrs. Muchnick when she called for it. There is no evidence as to what this attendant or the attendant at the other door did with other cars that were brought to the garage, that is to say, whether the attendant or the operators drove the cars into the garage.

This, therefore, is the question: Does the fact that plaintiff's car on this occasion was driven into the garage and to its berth by the attendant and later re-delivered to plaintiff's wife afford a fair basis for assuming that all cars were so handled, at least during the period that plaintiff's car was in the custody of defendant on this particular occasion? If so, it would seem reasonable to conclude that the damage was caused by one of defendant's employees which would constitute negligence on the part of defendant for the purposes of this case.

It is, of course, a common practice for owners and operators of automobiles to drive themselves to the point in the garage where their cars are to be berthed. This apparently was not the exclusive practice on the occasion under consideration. However, in order to find for plaintiff here, it would be necessary to find that at least the general, if not the exclusive practice, was to allow no one except employees of defendant to operate cars of patrons in the garage. If garage patrons, as well as garage employees, were permitted to operate inside the garage, it would be impossible in the absence of specific testi-

mony on the point to determine who caused damage to an automobile.

Under the doctrine of *Hanna v. Shaw*, 244 Mass. 57, mere conjecture as to how an accident has happened is insufficient to determine liability. If there is equal probability of other causes of an accident than defendant's negligence, then defendant cannot be held responsible. *Bloom v. Warshaw*, 332 Mass. 14. We do not think that the mere fact that the operator of plaintiff's car did not drive it in or out of the garage on one occasion is sufficient ground for holding that it was the defendant's general practice to take charge of cars at the door. Taking charge of plaintiff's car in this instance might have been an act of courtesy to Mrs. Muchnick or the result of a special arrangement.

Since defendant is not an insurer and since it is equally possible that others than defendant's employees caused the damage to plaintiff's automobile, it was prejudicial error to deny defendant's fourth request for rulings.

*Judgment is to be vacated and finding to be entered for defendant.*

Robert H. Arnold, for the plaintiff.

Harold C. Thompson, for the defendant.