Rescripts.

MILCHEN FURNITURE CO., INC. *vs.* ASSESSORS OF QUINCY.   January 31, 1957.   Petition for abatement dismissed.   This is an appeal from a decision of the Appellate Tax Board, hereinafter called the board.   From the record the following appears.   In 1953 the board of assessors of the city of Quincy, hereinafter called the respondents, assessed to one Martha Grossman, doing business as Milchen Furniture Co., a personal property tax in the amount of $1,280.16 on the inventory, furniture, fixtures and equipment of a retail furniture store located at 67 Parkingway, Quincy.   On September 30, 1953, Grossman applied for an abatement of the tax on an appropriate form.   The application for abatement was grounded on the allegations that as of December 31, 1952, she transferred the property in question to Milchen Furniture Co., Inc., hereinafter called the corporation, and that as of January 1, 1953, the property was owned by the corporation.   The application was refused, and the corporation, which had in.the meantime paid the tax, appealed to the Appellate Tax Board.   See G. L. (Ter. Ed.) c. 59, § 59.   The case was heard before the board under the.informal procedure prescribed by G. L. (Ter. Ed.) c. 58A, § 7A, as appearing in St. 1945, c. 621, § 3.   From a decision of the board in favor of the respondents, the corporation appealed. There was no error.   Where a case is heard under the informal procedure the appellant "shall file a written waiver [and that was done here] of the right of appeal to the supreme judicial court, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board . . . ."   With respect to the proceedings before the board all that we have before us is the pleading setting forth the facts alleged by the corporation as the basis of its claim, and the decision of the board, without findings or rulings, in favor of the respondents.   On such a record there is nothing for this court to review.   There were here no "questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board," and except as to these matters there is no right of appeal to this court.

*Hertz N. Henkoff*, for the taxpayer, submitted a brief.
*Douglas A. Randall*, City Solicitor, for the assessors of Quincy.

DAVID BARRY *vs.* STOP & SHOP, INC.   February 1, 1957.   Exceptions overruled.   The plaintiff, an employee of the Cambridge water department, was, at the request of the defendant, investigating a flooding of the cellar of its store.   Access to the cellar was by means of a trap door located upon the first floor.   It was of metal and consisted of two leaves, each of which was about forty-four inches in length and nineteen inches in width and swung toward the other when closed.   When opened each of the leaves swung up-. ward and was held open by a piece of wood one quarter of an inch thick and thirty to thirty-six inches long, each end of which rested on a leaf.   The trap door, when the plaintiff arrived on the premises, was open with the stick holding the leaves apart.   The leaves were not up perpendicularly but inclined a bit toward each other.   They were in the same position at the time of the accident.   While the plaintiff was ascending a short ladder which led to the trap door and when his shoulders were on a level with the first floor, the stick in some way became loosened and both leaves swung down, one of them hitting him upon the head.   Everything connected with the situation was open and obvious.   A warning by the defendant would not give the plaintiff more than he could learn at a glance.   There was no error in directing a verdict for the defendant.   *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537–538. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 321.   *Bloom* v. *Warshaw*, 332 Mass. 14, 16–17.

*William S. McCallum*, (*Roland E. Shaine* with him,) for the plaintiff.
*Daniel A. Lynch*, (*David L. Whitney* with him,) for the defendant.