## James Wilson *vs.* James Conlin.

Hampden.    November 25, 1958. — January 9, 1959.

Present: Wilkins, C.J., Spalding, Williams, Counihan, &
Cutter, JJ.

*Negligence,* Toward employee of independent contractor, One owning or
controlling real estate, Duty to warn, Stairway, Invited person.

Evidence that, when an employee of an independent contractor engaged
by the owner of a house to move furniture therefrom stepped onto one
of the steps of a stairway which he was impliedly invited to use and
which he was not shown to have previously used, the step "gave" and
his foot went through it and he was injured, that there were no "center
supports" on the stairway, and that there was "quite a give" to the
steps and they "sunk in the center," would have warranted a finding
that there was a breach of the owner's duty to the employee to warn
him of a hidden defect of which the owner reasonably should have
known. [296–297]

A finding that use of cellar stairs in a house was within the invitation ex-
tended to an employee of an independent contractor hired by the
owner of the house to move furniture therefrom would have been war-
ranted by evidence that after the employee with fellow employees
had moved a heavy stove to a downstairs hallway the employee "had
to" open the door to the cellar stairs and step down onto them "in
order . . . to let the other men get squared away" so that they
could go out onto the porch "straight." [297]

Tort.   Writ in the District Court of Springfield dated
March 13, 1953.

Upon removal to the Superior Court the action was tried
before *O'Brien,* J.

The case was submitted on briefs.

*Thomas J. Donnelly,* for the plaintiff.

*Ralph S. Spooner & Arthur E. Quimby,* for the defendant.

Spalding, J.   A summary of the evidence most favorable
to the plaintiff is as follows: The defendant was the owner
of a house on Oak Grove Avenue, Springfield, and lived on
the second floor thereof.   He engaged one J. J. Sullivan, a

furniture mover, to move his furniture from this house. About 8 A.M. on October 24, 1952, the plaintiff, an employee of Sullivan, and two fellow employees, came to the defendant's premises with a moving van to move the furniture. One of the articles to be moved was a heavy stove weighing about three hundred fifty to four hundred pounds and it had to be brought down from the second floor. The plaintiff (who weighed one hundred ninety-five pounds) and his two coworkers lifted the stove down to the "downstairs hallway," the plaintiff being on one end of the stove and his coworkers on the other. At that point "in order . . . to let the other men get squared away to go out on the porch" the plaintiff "had to open" a door which led into the cellar, and "step down one step so we could go out straight." As soon as he did so the step "gave" and the plaintiff's left foot went through the step up to his hip. The stove fell on the plaintiff's right leg causing the injuries complained of.

Joseph Parent, one of the plaintiff's coworkers, testified that "there weren't any center supports" on the cellar stairs and that when "you stepped on them there was quite a give to them . . . [and] they sunk in the center."

One Duncan (a contractor called by the plaintiff), who had had considerable experience in building houses, testified that the tread of stairs built without a "center stringer" would have a tendency to be weak.

There was no evidence that the defendant or any member of his household undertook to tell the plaintiff or his coworkers how to do their work. The defendant, who was not present at the time of the accident, testified that he left the matter of moving to Sullivan and his employees.

At the close of the evidence, the judge, on motion of the defendant, directed a verdict for the defendant. The case comes here on the plaintiff's exceptions to this action and to certain rulings on evidence.

It seems clear on the foregoing facts that the plaintiff's status at the time of the accident was that of an employee of an independent contractor. *McDermott's Case*, 283 Mass. 74, 76. Thus the duty owed the plaintiff by the defendant

is the same duty that he owed to one of his own employees. That duty is to disclose to the employee hidden defects of which the employer knows or of which in the exercise of reasonable care he should know. The employer owes no duty to alter the condition of his premises to make them safe for his employee. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 320. *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268, 272.

There was no evidence that the defendant knew of any defect in the steps. But the witness Parent testified that there was "quite a give" to the steps and they "sunk in the center." This was some evidence that the steps were defective and would support an inference that one in the position of the defendant who used the stairs regularly ought reasonably to have known of that condition. See *Griffin* v. *Rudnick,* 298 Mass. 82, 85. The defendant, of course, was under no duty to warn the plaintiff of dangers which were obvious or could be discovered by reasonable inspection. *Favereau* v. *Gabele,* 262 Mass. 118, 119. *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268, 272– 273. But a majority of the court are of opinion that the defect here could have been found to be hidden. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, 365–366. Until one stepped on the treads he would not know that they sagged or "sunk." There is no evidence that the plaintiff used the stairs at any time other than on the occasion of the accident and it could have been found that his failure to inspect them before doing so was not unreasonable. The present case is quite different from *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268, where it appears that the plaintiff had knowledge of the defective condition.

The defendant argues that there was no express or implied invitation to the plaintiff to use the cellar stairs, but we think that it could have been found that the use of the stairs by the plaintiff in the circumstances was within the invitation extended. There was evidence that the use of the cellar stairs was necessary in order to move the stove outside. The case should have been submitted to the jury.

It is unnecessary to discuss the questions of evidence argued by the plaintiff as they are not likely to arise on a retrial of the case.

*Exceptions sustained.*