OMER J. PAQUETTE vs. EDWARD J. BRADLEY & another.

Middlesex. December 11, 1964. — January 5, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Negligence,* One owning or controlling real estate, Railing.

A finding of negligence of the proprietor of a diner toward a patron thereof was not warranted by evidence showing merely that when the patron leaned over a railing extending along the edge of a platform at the side of the diner the railing broke and the patron fell to the ground and was injured.

TORT. Writ in the Superior Court dated January 21, 1960.

Following a verdict for the plaintiff at the trial before *Coddaire, J.,* a verdict for the defendant was entered under leave reserved and the plaintiff alleged an exception.

*Thomas P. Gill* for the plaintiff.

*Richard K. Donahue* for the defendants.

REARDON, J. This is an action of tort to recover for personal injuries sustained by the plaintiff while on the defendants' premises, allegedly caused by the negligence and carelessness of the defendants in maintaining a public stairway.

The evidence, taken in aspect most favorable to the plaintiff, can be summarized as follows. The defendants owned and controlled a diner in Dracut. On June 6, 1959, the plaintiff, accompanied by a fellow employee, went to the diner, on the westerly side of which there were three steps to a platform. This platform was constructed of cement and was four to five feet wide and twelve to fourteen feet long. Entrance to the diner was "about one pace from the beginning of the platform to the right." The platform, which was about two or three feet high, had two railings, parallel and about one and one-half feet apart, which ran from a pipe secured in cement at the southwesterly corner

of the platform to another pipe secured in cement at its northwesterly corner, whence the railings ran to the diner building at which they were affixed with nails or screws. From the top rail to the ground was about four and one-half to five and one-half feet.

The plaintiff and his companion each had apple pie and coffee in the diner which they patronized frequently and the male proprietor of which they knew very well. On this occasion the plaintiff's companion left the diner, and the defendant, Edward J. Bradley, and the plaintiff engaged in some frivolities. "The plaintiff, picked up a fire bucket filled with sand, held it up before his face, and backed his way to the door. At the door, he backed out onto the platform, and placed the fire bucket inside the diner, and then closed the door." He then walked to the northerly end of the platform "at a quick walk" to look for his companion. He placed his hands on the top railing and leaned over to see where his companion was parked, whereupon the railing broke "and the plaintiff went over head first, striking the ground, and knocking himself unconscious."

The defendants owed the general duty to the plaintiff as an invitee to use ordinary care and diligence to keep their premises in a reasonably safe condition, having regard to the construction of the building, the nature of its use, and the customary conduct of those upon the premises as invitees, *Rosston* v. *Sullivan,* 278 Mass. 31, 34–35; *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, 186, or at least to warn against hidden defects of which they had, or in the exercise of reasonable care should have had, knowledge. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 320. *Hubbard* v. *Palmer Russell Co.* 343 Mass. 414, 416. The record contains no evidence of what caused the railing to break; we are left to pure conjecture as to what caused the railing to give way. See *Gallo* v. *Leahy,* 297 Mass. 265, 270. If the evidence does not go beyond conjecture then there is no question for the jury. *Mucha* v. *Northeastern Crushed Stone Co.* 307 Mass. 592, 595. Furthermore, there is no evidence sufficient to warrant a finding that these premises,

and specifically the railing, possessed a defect which the defendants ought to have discovered in the exercise of reasonable care.  *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724.

The evidence is also silent on whether the use made by the plaintiff of the railing which gave way was to be anticipated by the defendants and whether it was constructed with a view to supporting the weight of the plaintiff.   There is nothing to indicate that the invitation to the plaintiff was sufficiently comprehensive to entitle him to rely upon the strength of the railing in the event he chose to lean on it. See *Stern* v. *Swartz,* 283 Mass. 436, 437.   Since there is no evidence of negligence, jury consideration was not warranted.

*Exceptions overruled.*