*Northern District*
No. 6246
**FRANCES GREEN**
v.
**R. H. WHITE CORP. d/b/a
CITYMART**

*Present*: *Brooks, P.J., Connolly, Yesley, JJ.
Case tried to *Troy, J.* in the Municipal Court of the Dorchester District R-1788.
Argued: ——— 1966.    Decided: ——— 1966.
*Brooks, P.J.* This is an *action of tort* brought by plaintiff against defendant which owned and controlled premises on which the accident occurred.    Defendant answered by way of general denial, contributory negligence and assumption of risk.

Plaintiff was examining bedspreads in "The Linen Shop." This shop was run by the Haverhill Domestics, Inc., whose employees supervised all activities in the shop.

Since the case was argued on the supposition that negligence of employees of Haverhill Domestics, Inc. was imputable to defendant, we disregard the meager evidence of agency contained in the report and we treat the case as though the only question before

us is whether there was evidence of negligence on the part of such employee or employees which contributed to the accident.

Plaintiff first entered the Linen Shop at 10:30 A.M. At that time she noticed a sign "tilting" on the counter, presumably the counter on which were the bedspreads. She left the premises without purchasing anything. At approximately 1:00 P.M. she reentered the shop and was "standing by the counter which had the sign upon it advertising bedspreads." While so standing, she was struck by a "metal sign" which fell to the floor.

*There was evidence* that she had not touched the counter. She had not seen the sign falling until it came in contact with her. After the accident the salesgirl picked up the sign and plaintiff noticed that it "was wobbly and very loose." It was made of aluminum and weighed less than a pound and had a base over which spreads were piled. There was evidence to show that the sign was of the same design as all other counter display signs. There was also evidence to show that the sign was customarily two feet from the edge of the shelf.

Before argument, the following requests for rulings were filed by defendant:

1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that

the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by the defendant to the plaintiff.

5. The evidence does not warrant a finding that the defendant was in control of the article which allegedly caused the plaintiff's injury.

The court denied all the requests and made the following findings:

"As to request No. 4, the defendant owed a duty to his customers not to allow a condition to exist that was dangerous to said customer.

"As to request No. 5, I find as a fact that the plaintiff was rightfully on the premises of the defendant, that she was exercising due care, that due to the negligence of the defendant in allowing a condition to exist which could and did cause injury to the plaintiff that defendant should have known of the condition and did not take proper steps to see that the customer on the premises would be protected."

Defendant claims to be aggrieved by the court's denial of the aforementioned requests for rulings and special findings.

The issue is brought before us by defendant's requests for rulings Nos. 1 and 3, both of which relate to defendant's negligence, and by the special finding that defendant was negligent is—was this finding of negligence based on anything more than conjecture?

Briefly to restate the salient facts,—at 10:30 plaintiff saw a sign tilting on the counter,—

presumably the bedspread counter. At 1 P.M.
was again standing by this counter when she
was struck by a metal sign. The sign weighed
less than 1 lb. and had a "base on wich spreads
were piled." When the sign was picked up
it was wobbly and very loose. The lettering
on the sign was not described.

The judge obviously inferred that "a metal
sign" which hit plaintiff was the sign which
had been seen tilting on the bedspread counter
at 10:30 and that it continued to tilt for 2½
hours before the accident and that the tilting
caused the sign to fall. Just what importance
the judge attached to the wobbly condition
does not appear. Although he did not spe-
cifically find that the tilting caused the sign
to fall nor that its wobbly condition had any-
thing to do with the fall, it is to be inferred
that these were important elements in his find-
ings, if not the sole basis therefore.

The wobbly condition of the sign after the
accident could just as well have been the re-
sult of the fall as the cause of it. The fact that
the sign was in a slanting position is not evi-
dence of its condition. In other words its
wobbly condition throws no light on the cause
of the accident.

As to the "tilting", two questions arise,—
What does "tilting" signify? The dictionary
definition is "inclined", "leaning". There is
no evidence as to the degree of tilting. Second-
ly, there was no evidence that the tilting con-
tinued for 2½ hours nor that it had anything
to do with the fall. Indeed if spreads were

piled on the base, they would tend to keep the sign from falling. This would suggest that another customer or customers might have dislodged one or more spreads in a manner to cause the sign to fall. Just what part of plaintiff's anatomy was injured does not appear.

It comes to this, that a sign was in an inclined position on the counter containing bedspreads under inspection by plaintiff at 10:30; that a sign fell against plaintiff when she returned to the counter 2½ hours later. There is no evidence what other customers were doing in the vicinity of the counter at the time of the accident nor what the position and condition of the sign was just prior to the accident.

The question of course is whether the evidence on behalf of plaintiff goes beyond the stage of conjecture. If not, then defendant is entitled to a finding. One of the early cases on this subject is *Kendall v. Boston*, 118 Mass. 234. The setting was historic and the accident dramatic. Defendant, City of Boston, was honoring Grand Duke Alexis of Russia with a concert at the old Boston Music Hall. As the audience rose to sing "Old Hundred", a bust of Benjamin Franklin toppled off its perch on the balcony onto plaintiff who was sitting below. No evidence was offered as to how the bust had been secured. The fact that it had fallen was claimed to be sufficient evidence that it had been negligently secured in its place.

The court ruling in favor of defendant said, page 236:

"It is not sufficient for the plaintiff to show that the injury *may* have been occasioned by the negligence of those whom he seeks to charge with it. If there were other causes which also might have produced it, he is in some way to show that these did not operate. Without some evidence as to the manner in which the bust was detached or secured, its fall alone would not furnish sufficient evidence of negligence."

In *Saxe v. Walworth Manufacturing Company*, 191 Mass. 338 an emery wheel exploded with injury to plaintiff without any clear explanation of the cause. The court said:

"The burden is upon the plaintiff to show affirmatively that the defendant was negligent and we can not find that there was any evidence to show this. It cannot be affirmed except upon bare conjecture. *Donaldson v. New York, New Haven & Hartford Railroad*, 188 Mass. 484; *Clare v. New York & New England Railroad*, 167 Mass. 39. If, as is the case here, other causes than the defendant's negligence might have produced this accident, the plaintiff was bound to exclude the operation of such causes by a fair preponderance of the evidence; and this he has not done."

*DiRoberto v. La Gasse, Administratrix,* 336 Mass. 309 was a case where plaintiff was suing the maker of an awning under which she was standing when the awning gave way and injured her. The court in ruling against defendant said: "The plaintiff was not required to exclude all causes except the defendant's

negligence, and it was sufficient if upon the entire evidence there was a greater likelihood that the accident was due to his negligence rather than to some other cause. *Weiss v. Republic Pipe and Supply Corporation,* 335 Mass. 422, 427, 428. The collapse of the awning in the attending circumstances leads to a rational inference that it was due to the negligence of the defendant."

In *Mucha v. North Eastern Crushed Stone Company,* 307 Mass. 592 where a timber had broken under the weight of a crusher injuring plaintiff, the court said, page 595, "It is elementary that if the evidence does not go beyond mere conjecture, there is no question for the jury."

Again on page 596 the court said:

"While it is not necessary for the plaintiff to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendant, he is bound to introduce evidence enough to remove the cause from the realm of speculation and give it a solid foundation upon facts for the harmful effect of which the defendant is responsible."

The case is cited in *Glassman v. Hamal,* 341 Mass. 422, 425 also in *Paquette v. Bradley,* 348 Mass. 326, 327. In the latter case, plaintiff leaned over a railing which gave way for reasons that were not apparent. The court said:

"The record contains no evidence of what caused the railing to break; we are left to pure conjecture as to what caused the railing to give way.

See *Gallo v. Leahy*, 297 Mass. 265, 270. If the evidence does not go beyond conjecture then there is no question for the jury."

In our opinion there is too much conjecture to justify the trial court's finding that plaintiff's injuries were due to defendant's negligence. It is at least as likely that the falling of the sign was due to the actions of another customer at some moment as to which there is no testimony.

*Finding for plaintiff to be vacated and judgment entered for defendant.*

Benjamin F. Forde, Jr. for Plaintiff.

Badger, Parrish, Sullivan & Frederick for Defendant.