*Southern District*

### JOHN GLENNON

v.

### STUART SAUNDERS, ET AL

Argued: June 19, 1968    Decided: Oct. 4, 1968

*Present:* Nash, C.J., Murphy, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk, No. 1674

*Murphy, J.   This is an action of tort* to recover damages for injuries sustained as a result of a fall on the premises of the defendants. Each count of the declaration alleges, among other things, that the plaintiff was properly on the premises of the defendants, in the exercise of due care, and that the plaintiff was caused to suffer injury due to the defective condition of the premises; that the defendants knew or should have known of the defective condition, and that the defendant was negligent.

The answer is a general denial, contributory negligence, assumption of the risk, and that if anyone was negligent, it was not someone for whom either defendant was responsible. The remaining allegations of the answer are not

material to the issues herein presented.

*At the trial there was evidence tending to show that:*

1.   On November 13, 1964, the plaintiff was employed by a moving company to assist in moving certain furniture which was the property of the defendants into the premises at 31 Chestnut Street, Dedham, which the defendants were buying from the former owners. The moving company had been hired by the defendants to move this property into the premises.

2.   The plaintiff was attempting to get a large plywood board for a train set into the cellar where he was directed to place it by Mrs. Saunders and could not get it down the main cellar stairs from inside the house. Mrs. Saunders expressly directed him to use the outside stairway leading to the cellar through a bulkhead. She gave detailed instructions to the mover as to the placing of furniture and other possessions.

3.   There were about five wooden stairs leading down from the bulkhead to a door leading into the cellar and as the plaintiff was proceeding down the stairs, the third or fourth step "collapsed" and the plaintiff fell, sustaining injury.

4.   The plaintiff looked at the stairs before proceeding down them and could see nothing wrong with them.

5.   The defendants had come from Perrysburg, Ohio to the Boston area and had agreed

to buy the property at 31 Chestnut Street, Dedham, after having looked at it several times. At no time prior to the accident had either of the defendants inspected or used the bulkhead stairs where the plaintiff fell.

6. The accident occurred at about 11:00 a.m. on November 13, 1964, and at that time Mr. Saunders was in the office of an attorney passing papers to complete the purchase of the premises and the deed was not recorded in the Registry of Deeds for Norfolk County until one forty-six p.m. on November 13, 1964.

7. The plaintiff sustained injury and received medical attention, none of which is relevant to the issues herein presented.

The judge made the following findings of fact from the reported evidence:

"The defendants, Mr. & Mrs. Saunders, were on the day of the accident moving into the premises at 31 Chestnut Street in Dedham. The accident occurred at about eleven-thirty in the morning of November 13, 1964. At that time Mr. Saunders was in the office of an attorney to pass papers and to complete the purchase of 31 Chestnut Street. The deed was dated November 5, 1964 and was recorded at one forty-six P.M. on November 13. At the time of the accident Mrs. Saunders was upon the premises directing the movers where to place the furniture and other personal belongings. She expressly directed the plaintiff to place a large piece of 6' x 8' plywood in the cellar and

to use the outside entrance to the cellar for that purpose. She was acting not only for herself but for her husband as well. The outside entrance to the cellar was through a bulkhead, down a flight of wooden stairs consisting of about five steps to a door which opened into the cellar. The third or fourth tread of the stairs was completely loose. As the plaintiff stepped upon it the tread slid forward. The plaintiff fell and was injured.

At the time of the accident the plaintiff was working for the furniture moving company which had been hired by the defendants.

Upon all the evidence I find that the defendants were in control of the premises and that the plaintiff was their invitee to help in moving in their belongings. I hold that they owed the plaintiff, an employee of an independent contractor, the same duty they owed to one of their own employees. 'That duty is to disclose to the employee hidden defects of which the employer knows or of which in the exercise of reasonable care he should know. Except in cases of hidden defects, the employer owes no duty to alter the condition of his premises to make them safe for the employee. To recover, the plaintiff had the burden of proving not only that the injury was caused by the defendant's (s') failure to warn of a hidden defect but that the defect was one of which the defendant (s) knew or which (they) it could have discovered by reasonable care.' *Williams* v. *United Men's Shop*,

*Inc.* 317 Mass. 319, 320. See also *Hannon* v. *Hayes-Bickford Lunch System, Inc.,* 336 Mass. 268, 272.

Although both defendants had examined the property several times before agreeing to buy it, neither had used the stairs described. However, Mrs. Saunders had instructed the plaintiff to use those stairs which he did and was injured when the loose tread slid forward as he stepped upon it.

Upon all the evidence I find that the loose tread was a hidden defect. In inviting or directing the plaintiff to use the particular stairs the defendants must be held to have been negligent. Mrs. Saunders directed the plaintiff down stairs which neither she nor her husband had previously examined. Reasonable prior examination would no doubt have resulted in discovery of the defective tread with resulting repair or warning to the plaintiff. See *Wilson* v. *Conlin,* 338 Mass. 295, 297.

I find that the plaintiff was in the exercise of due care. The defective tread was not obvious to the plaintiff who was using the stairs for the first time. He had no knowledge of the defective tread. *Wilson* v. *Conlin,* 338 Mass. 295, 297.''

The defendants duly filed the following requests for rulings:

''1. The evidence warrants a finding for the defendants.

2. The evidence requires a finding for the defendants because:
   a) There is no evidence that the defendants were negligent.
   b) There is no evidence that the defendants were in control of the premises.
3. As a matter of law, at the time the plaintiff was injured the defendants were not the owners of the premises.
4. As a matter of law, at the time the plaintiff was injured the defendants were not in control of the premises and had no duty to keep them in repair.
5. As a matter of law there is no evidence that the defendants knew or should have known of any defect on said premises at the time of the accident.
6. Even if the defendants owned or controlled the premises, with respect to the plaintiff as an employee of one with whom the defendants contracted, the only duty of the defendants would be to warn the plaintiff of any hidden defects that they knew about and they knew about and they would have no duty to make the premises safe for the plaintiff, as a matter of law.

*Gallo* v. *Leahy*, 297 Mass. 265, 268.

*Brogna* v. *Capodilupo*, 279 Mass. 586.

*Stern* v. *Swartz,* 283 Mass. 436.

7. As a matter of law the plaintiff assumed the risk of all defects on the premises which are discoverable upon reasonable inspection, as a matter of law. *Favereau* v. *Gabele,* 262 Mass. 118. *Hannon* v. *Hayes Bickford Lunch System,* 336 Mass. 268.''

The court allowed defendants' request number 1 and disposed of the remaining requests as follows:

''2. Denied in view of the findings.

3. Denied as inconsequential. They were in occupancy under a claim of ownership and were in actual control of the premises.

4. Denied. I find that the defendants were in control and have stated above what I hold to have been their duty to the plaintiff.

5. Denied. The defendants had no actual knowledge of the defect but I hold that they are chargeable with knowledge.

6. Denied. The defendants' duty was to disclose to the plaintiff employee not only hidden defects they knew of but also are responsible to him for hidden defects of which in the exercise of reasonable care they should have known. *Wilson* v. *Conlin,* 338 Mass. 295, 297.

7. Denied as inapplicable to facts found.''

The trial judge found for the plaintiff and assessed damages in the sum of $1,080. with interest from the date of the writ.

The defendants claim to be aggrieved by the denials of their requests.

■ There is a serious question as to whether or not the defendants were in control or possession.

■ Possession here is predicated on ownership, and they actually did not own the property at the time the accident happened. There is nothing indicating any agreement allowing them to take possession before title passed, so we must assume, in the absence of such an agreement, that they had no right to possession or control prior to obtaining title. *Barrell* v. *Britton,* 252 Mass. 504.

■ However, assuming without deciding, that the defendants were in control and in possession of the house, as the judge found, we do not think there is sufficient evidence to justify a finding of negligence.

We direct our attention to the denial of the defendants' request number 5, which reads as follows:

''As a matter of law there is no evidence that the defendants knew or should have known of any defect on said premises at the time of the accident.''

The judge in denying this request stated, ''The

defendants had no actual knowledge of the defect, but I hold they are chargeable with knowledge.''

To hold them chargeable with such knowledge, the judge necessarily had to find that their failure to discover the ''hidden defect'' in the bulkhead stairs before buying the property was negligence. We do not think it can be said that they had reasonable opportunity to discover this defect. It would not have been revealed by just looking. The plaintiff himself looked at the stairs and saw nothing wrong with them, and the judge found he was in the exercise of due care.

We do not think the defendants should be charged with such knowledge merely because they failed to use or inspect the stairs prior to the purchase.

There is nothing in the record relative to the age of the house, whether it was new or old, and nothing as to its general condition. Neither is there anything relative to the condition of the stairs prior to the accident. *Wilson* v. *Conlin*, 338 Mass. 295. In that case relied on by the plaintiff, the evidence showed that there was ''quite a give'' to the steps and that they ''sunk in the center.'' And the court said, ''This was some evidence that the steps were defective and this would support an inference that one in the position of the defendant who used the stairs regularly (and this seems to be the key phrase—'who used the stairs regu-

larly') ought reasonably to have known of that condition." Citing (*Griffin* v. *Rudnick,* 298 Mass. 82). And further in that case, the plaintiff, who weighed about two hundred ninety-five pounds was attempting, with some others, to move a stove, which weighed between three hundred fifty and four hundred pounds, when the stairs gave way. The defendants had been living in the house and using the stairs in question for some period to the accident and were in the process of moving out, not in, when the accident occurred. There was also expert testimony that the stairs were defective prior to the accident.

There is no such evidence in the instant case. There is no evidence concerning the condition of the stairs at all, other than that one step collapsed. There is no evidence of any prior use of the stairs by the defendants, nor anything in the record to show that the defendants had ever seen the stairs, much less used them. Furthermore, there is nothing in the record as to the size or weight of the plaintiff, nor any other material facts or circumstances reported.

The evidence in this case is insufficient to support an inference that the "defendant ought reasonably to have known of that condition," as in the Conlin case cited supra.

We agree with the defendants that, "Reasonable opportunity to discover in all types of cases, turns upon the nature of the defect, the time it existed, and the opportunity of the

defendant to observe and remedy it.''

The evidence relative to the nature of the defect is meager at best. There is no evidence as to the length of time it had been there, nor any evidence of any ''regular use'' of the stairs by them whereby they might have discovered the defect.

We are unable to find that the defendants were negligent in failing to discover this ''hidden defect'' in the stairs, stairs which they had never used, and which to all appearances were free from any defect.

It was prejudicial error to deny defendants' request number 5, and in view of our decision, it is unnecessary for us to discuss the other requests for rulings or any other questions raised by the report.

Since this ruling if given would have been decisive of the case, the finding for the plaintiff should be vacated and judgment should be ordered for the defendants. *Buckley* v. *Railway Express Agency*, 323 Mass. 448.

PAUL F. SWEENEY of Boston
 for the plaintiff

WALTER G. MURPHY of Boston
 for the defendants