*Municipal Court of the*
*City of Boston*

No. 167623

**DONALD STACKPOLE, PPA., et al**

**v.**

**STANDARD COAT, APRON & LINEN
SERVICE, INC.**

Argued: June 19, 1970 - Decided: July 15, 1970.

*Present:* Adlow, C. J.; Canavan, J.; Gorrasi,
Sp. J.

Case tried to *Gillen, J.,* in the Municipal Court
of the City of Boston No. 167623.

**Canavan, J.** This is an action of tort in
which the plaintiffs seek to recover damages
for injuries allegedly sustained by the minor
plaintiff, Donald Stackpole, on April 18, 1965,
when he was struck by a metal window grate
which allegedly fell from the side of a building
at 169 Norfolk Avenue in Boston, Massachu-
setts.

At the trial there was evidence tending to
show that on the day of the accident the plain-

tiff, Donald Stackpole, was walking on Norfolk Avenue in the company of two other boys. As he passed in front of 169 Norfolk Avenue, he heard a cracking noise and saw the grate coming down. He put up his hand to block the grate but it hit his hand, knocked him to the ground, and he landed on the sidewalk.

Donald Stackpole and a companion were underneath the grate. The boys got out from under the grate and started to run home.

George Stackpole, father of Donald Stackpole, testified that he observed the window grate within 5 or 10 minutes after the accident and saw that it was still connected to the building at the left bottom corner by one screw. He stated that it was "laying out" across the sidewalk and that there was a brand new break in the wood sill of the window. Pictures showed the grate to be located on the outside of a window on the first floor of the building that adjoins the sidewalk and within the reach of individuals travelling on the sidewalk. Pictures were introduced showing the entire grate as well as pictures of screws holding the grate in place, which pictures were taken about a month after the accident.

The evidence showed that the defendant occupied the entire building at 169 Norfolk Avenue, under a lease from a parent company; that the defendant had an employee whose duty it was to inspect and care for the grate and that

the grate was replaced in its original position after the accident.

The defendant filed the following requests for rulings of law:

"*1*. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

"*2*. The evidence does not warrant a finding other than that the negligence of the plaintiffs contributed in whole or in part to cause the alleged injuries and damage.

"*3*. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

"*4*. As a matter of law the defendant breached no legal duty owed by it to the plaintiff."

Requests 1, 3 and 4 were denied and #2 was waived.

The court entered the following finding:

"I find the negligence of the defendant was the cause of the injury to the plaintiff."

The finding was for the plaintiff, and being aggrieved by the court's denial of his requests for rulings of law numbers 1, 3 and 4, the defendant brings this report.

The burden is upon the plaintiff to prove negligence by a preponderance of the evidence,

that is, to make it appear more likely that the accident was caused by the defendant's negligence rather than some other cause. While the plaintiff is not required to exclude every other possible cause, the cause must not be left to conjecture. *Knox* v. *Lamoureaux,* 338 Mass. 167; *Long* v. *Kaplan,* 335 Mass. 94.

The question for our decision is, whether, upon all the evidence taken most favorably for the plaintiff, the court was warranted in finding the defendant negligent.

There is no evidence that, prior to the accident, the window grate was in any abnormal, unusual or dangerous position. From all that appears from the evidence, it was in the same position as all the other window grates on the building. There is no evidence as to when the grate was installed, when it was last inspected, or the appearance of the one screw that remained on the grate; nor whether the other screws fell out when the grate fell; nor whether the screws had been missing or were defective long enough for the defendant, its agents or employees, to have become aware of such condition.

The evidence of the "brand new break" in the wood sill is not evidence of negligence since it could have been caused by the falling of the grate or entirely unrelated to the accident. In cases where the occurrence may be inferred to have resulted from the acts of one other than

the defendant, or where the occurrence may be inferred to have resulted from something other than negligence, the doctrine of res ipsa loquitur is not applicable.

In the case at bar it is conceivable that the grate was caused to fall because the screws were removed or loosened by third persons, unknown to the defendant, when one considers the location of the grate on the outside of the building.

We are of the opinion that the evidence did not go beyond mere conjecture and that the plaintiff has not sustained the burden of proving that the defendant was negligent. *Bloom* v. *Warshaw,* 332 Mass. 14. *Walker* v. *Benz Kid Co.,* 279 Mass. 533. *Mucha* v. *Northeast Crushed Stone Company, Inc.,* 307 Mass. 592.

The court erred in refusing to rule as requested. The defendant was entitled to a finding.

**Finding for the plaintiff vacated. Finding to be entered for the defendant.**

ARTHUR MARTIN
   (Martin & Applestein) of Boston
   for the Plaintiff.
PHILIP W. RILEY
   of Boston for the Defendant.